R. PETERSON v. J. W. KILGORE ET AL

(Case No. 1317.)

1. EVIDENCE — BURDEN OF PROOF — POWER OF ATTORNEY.— S., who held a power of attorney from E. G., of date October 28, 1856, to sell any lands or other property of E. G.'s in Texas, on November 16, 1858, conveyed to E. four hundred and thirty-seven and one-half acres of the M. McDonald headright six hundred and forty acre certificate, issued November 13, 1857, the deed purporting to be in his own name, and making no reference to the power of attorney.  In October, 1858, there was a survey by virtue of this certificate (for whom made does not appear), and the land was patented to the heirs of E. G. in 1862, she having died in 1861.  On the same day that S. conveyed to E., the latter conveyed one hundred and sixty acres of the survey to L. S. G., who in 1859 conveyed to P., the plaintiff.  After the death of E. G., a deed from E. to her for the four hundred and thirty-seven and a half acres, less the one hundred and sixty conveyed to L. S. G., of date June, 1859, was placed on record, at whose instance does not appear.  The defendants claimed under a deed from the heirs of E. G.; her son, and one of those heirs, being L. S. G.  Held,

(1) That the burden of proving that E. G., at the date of the deed made by S., had some title to the certificate or the land, devolved on the plaintiff claiming under that deed.

(2) That the registration, after the death of E. G., of the deed from E. to her, was insufficient to show that this deed was delivered to her, or that she had knowledge of its existence, and was insufficient to show that she had ratified the deed by S.

(3) That as the action was trespass to try title to a specific one hundred and sixty acre tract, no interest which plaintiff may have had in the balance of the four hundred and thirty-seven and a half acres was before the court for adjudication.

ERROR from Hunt.    Tried below before the Hon. W. H. Andrews, special judge.

The case was submitted to the court on an agreed statement of the facts, which agreed statement is sufficiently set out in the opinion.    The record contains the conclusions of the presiding judge as follows: " I conclude from the agreed statement in this case that the deed from J. G. Stevens to H. C. Earhart conveyed no title under the power of attorney from Esther Gooding, it not appearing that at the date of said power Mrs. Gooding owned the McDonald certificate, or even that it was in the state of Texas, not being located at that time; and that as the record of the deed from Earhart to Mrs. Gooding does not show that said deed was filed for record before her death, and as the facts do not show that she ever accepted said deed in any manner, the said deed and record do not show a ratification of the sale made by Stevens.    Therefore at the time of the death of Mrs. Gooding she was the owner of all the land located by virtue of the McDonald certificate, the four hundred and thirty-seven and one-half acres.    I conclude that by the deed from L. S. Gooding to plaintiff, it being prior to the deeds under which defendants hold, he, plaintiff, became entitled to one-fifth of the land in controversy, and that Mrs. Gooding having died intestate, leaving five children, of whom said L. S. Gooding was one, and there being more of the other lands of Mrs. Gooding's estate involved in this suit, out of which plaintiff might be made whole to the extent of the interest of said L. S. Gooding in said estate of his mother. . . ."    The judgment accordingly awarded plaintiff thirty-two acres of the one hundred and sixty sued for, directed a partition, and gave plaintiff his costs, except the costs of partition, which were to be divided in proportion to the respective shares of the parties.    The plaintiff being dissatisfied with this judgment sued out a writ of error.    The third assignment objects that the judgment " is too vague and indefinite; " the fourth, that the " conclusions of the court were not authorized by the agreed statement of facts; " and the fifth, that " the judgment is contrary to the law and the evidence."

*Jones, Brooks & Sample,* for plaintiff in error, cited Rogers v. Frost, 14 Tex., 267; Hough v. Hill, 47 Tex., 148; Rogers v. Bracken, 15 Tex., 564; Williams v. Talbot, 27 Tex., 159; Veramendi v. Hutchins, 48 Tex., 531; Greenleaf on Ev., sec. 67; Burleson v. Burleson, 28 Tex., 419; McGahan v. Baylor, 32 Tex., 795.

*Matthews & Neyland*, for defendants in error, cited Story on Agency, 4th ed., sec. 69 *et seq.;* Smith *v.* Sublett, 27 Tex., 170 (middle of page); City of Laredo *v.* McDonnell, 52 Tex., 528; Vincent *v.* Rather, 31 Tex., 91; Reese *v.* Medlock, 27 Tex., 124.

BONNER, ASSOCIATE JUSTICE.— This is an action of trespass to try title to one hundred and sixty acres of land, brought by plaintiff Peterson against defendants Kilgore *et al.* The cause was submitted on an agreed statement of facts, substantially as follows:

One Esther Gooding died in 1861, leaving surviving her as her heirs at law, five children, one of whom was L. S. Gooding. There was no administration on her estate. After her death, sometime in 1862, a patent issued to her as assignee of Margaret McDonald for four hundred and thirty-seven and one-half acres of land, including that in controversy. When and where she obtained title to the McDonald certificate does not appear from the record. The survey was made October 20, 1858, but whether for her is not shown. On October 28, 1856, prior to the survey, Esther Gooding made a power of attorney to James G. Stevens, by which she authorized him to sell any and all lands or other property, or any part thereof, which she had in the state of Texas. No other description of her property is shown; nor is it shown that she, at that time, owned the certificate. On November 16, 1858, a conveyance was executed by Stevens, without any reference to this power of attorney, but ostensibly in his own individual capacity, by which he conveyed to H. C. Earhart four hundred and thirty-seven and one-half acres of the Margaret McDonald certificate, with full warranty of title.

On the same day, Earhart sold to said L. S. Gooding, son of Esther Gooding, one hundred and sixty acres of land, the same in controversy; and he, on March 21, 1859, sold it to the plaintiff in this suit.

On March 27, 1862, after the death of Esther Gooding, a deed was recorded from Earhart to her, of date June, 1859, conveying all of said four hundred and thirty-seven and one-half acres of land, except the above one hundred and sixty acres sold to L. S. Gooding. By whom this deed was presented for record, or whether it was otherwise delivered to Esther Gooding or for the benefit of her estate, does not appear. The defendants Kilgore *et al.* claim title to the land from and under conveyances from the heirs of Esther Gooding.

On the trial below, the cause was submitted to the court without

a jury, and judgment rendered in favor of plaintiff Peterson for thirty-two acres of the land, being the one-fifth thereof, as the share of L. S. Gooding as one of the heirs of Esther Gooding. From this judgment the plaintiff prosecutes this writ of error.

Although it is quite possible that if the true merits of plaintiff's title had been fully developed a different result would have been reached, yet, under the facts as presented in the agreed statement upon which the case was tried, we do not think that there was error in the judgment.

The material question on the trial was, whether the conveyance from Stevens to Earhart passed the title to the land in question. If plaintiff had claimed title under Stevens individually, without reference to the power of attorney from Esther Gooding, it is clear that he must have failed in his suit, as title is not shown into Stevens. The patent vested the legal title into the heirs of Esther Gooding, and if the plaintiff can recover it must be by some anterior conveyance from Esther Gooding. It is not claimed that any other conveyance was made except that by Stevens. This, as appears by the statement of facts, did not purport to be made by him as attorney in fact for her; and it is not shown that she at that time had any title to the certificate or the land located by it. The burden of this proof, under the circumstances, devolved upon the plaintiff, and it was not made. It is not shown that the deed from Earhart to her, which was recorded after her death, and which is claimed by plaintiff was a ratification of the sale by Stevens, was ever in fact delivered to her, or that she was advised of its existence and contents. The plaintiff therefore failed to show in himself any title superior to the legal title in the defendants, derived from the heirs of Esther Gooding. The only other possible ground upon which he could recover was, that L. S. Gooding, one of the heirs, had conveyed the one hundred and sixty acres of land to plaintiff, and that L. S. Gooding would be estopped to dispute the title to his interest. The statement of facts fails to show that L. S. Gooding made a warranty deed, or that he had any interest remaining in him in the land in controversy. He is not even a party to the suit, and it appears from the record that the defendants had deeds from the heirs of Esther Gooding, of whom L. S. Gooding was one. Under the circumstances, it may be seriously doubted that the plaintiff was entitled to any recovery. Certainly he was not entitled to recover more than the interest of L. S. Gooding, which was adjudged to him. As the suit was one simply of trespass to try title, and for a specified one hundred and sixty acres of the survey, and as L. S. Gooding was

not a party, it is clear that any other interest which he may have had in other portions of the survey could not have been adjudicated in this suit.

This disposes of the first and second assigned errors, and the remaining ones are too general to demand that they be considered. There being no apparent error in the judgment of the court below, the same is affirmed.

AFFIRMED.