## WILLIAMS v. HAVERLAH.
### No. 9033.

Court of Civil Appeals of Texas. San Antonio.

March 22, 1933.

Rehearing Denied April 26, 1933.

Mason Maney, of Pearsall, and R. R. Smith, of Jourdanton, for appellant.

Cunningham, Moursund, Johnson, Rogers & Slatton and C. S. Slatton, all of San Antonio, for appellee.

FLY, Chief Justice.

·This is a suit instituted by appellant against appellee for two narrow strips of land out of the north side of tracts 29 and 32, respectively, in Frio county, granted to the International-Great Northern Railroad Company. The suit is really a boundary suit as to lines between lands belonging to the parties. The cause was tried without a jury and judgment rendered that appellant take nothing by his suit. The court upon request filed his findings of fact and conclusions of law.

The findings of fact of the trial judge are supported by the statement of facts and are approved and adopted as the conclusions of fact of this court, as follows:

"Frank R. Williams acquired tracts Nos. 7, 8, 9, 10, 11, and 12 of the Richland Farms subdivision, containing 663 acres of land, more or less, on the 18th day of May, 1926, according to the map and plat of said Richland Farms subdivision, which is of record in the deed records of Zavalla county and Frio county, Tex.

"The subdivision of Richland Farms was made by T. W. Masterson on the 5th day of January, 1912, and a map and plat of said subdivision was filed for record in Frio and Zavalla counties immediately thereafter, and was introduced in evidence by plaintiff.

"Defendant L. W. Haverlah acquired title on the 9th day of July, 1926, to tracts Nos. 1, 2, 3, 4, 5, and 6, containing 816.1 acres of land, more or less, of the Richland Farms subdivision, according to map and plat of said subdivision recorded in the deed records of Frio and Zavalla counties, Tex.

"During the month of January, 1928, defendant L. W. Haverlah employed Mr. Will Hickey, county surveyor of Frio county, Tex., and the county in which his land was located, to survey land owned by the defendant and to establish the boundary between the land owned by plaintiff and defendant, and which survey was made about said date, and said boundary was established by said surveyor where it is now located according to the contentions of defendant L. W. Haverlah.

"Shortly after such survey was made, a controversy arose as to the true location of said boundary, by and between plaintiff and defendant, and thereupon defendant L. W. Haverlah employed Mr. A. Conrads, county surveyor of Karnes county, Tex., to make a resurvey and establish said boundary between the land owned by defendant and the land owned by plaintiff, which was done by Mr. A. Conrads on or about February 24 and 25, 1928, and said boundary was located on the ground as the same was located by county surveyor of Frio county, Tex., and is the true division line between the land ·owned by plaintiff and the land owned by defendant.

"After both surveys were made, defendant L. W. Haverlah, with surveyor, Mr. A. Conrads, informed plaintiff about the work and the details of the survey and showed plaintiff the result of said survey and the boundaries as located and established by said survey. Plaintiff Frank R. Williams agreed that if he was not satisfied with the survey and the boundaries as established by said survey, he would within two weeks send a surveyor of his own choosing to go over the survey and the boundaries as established. No surveyor was sent by plaintiff to go over the said survey and boundaries within such two weeks, nor prior to the construction of improvements as hereinafter found.

"After two or three months defendant L. W. Haverlah constructed a fence on the boundary lines as established, at considerable expense, and commenced the construction of his residence and other valuable improvements at and near his southern boundary line; the value of said improvements being in excess of $6,000.

"During the construction of said improvements the plaintiff Frank R. Williams was on the ground where the said improvements were being constructed, and complimented the defendant Haverlah upon the building of such valuable improvements, and did not during the construction thereof claim that such residence and other improvements were being constructed on land owned by him, or protest against the construction thereof.

"All of the valuable improvements constructed by defendant L. W. Haverlah were within 15 to 60 varas of the defendant L. W. Haverlah's southern boundary line, as was established by Mr. A. Conrads' survey.

"The boundaries as established gave plaintiff Frank R. Williams 5 acres more land than is called for in his deed."

■■ The cause of action was in form one of trespass to try title, and the burden of establishing his title rested upon appellant, and his recovery depended upon the strength of his own title and not upon any weakness in the title of appellee. French v. Olive, 67 Tex. 400, 3 S. W. 568; Peterson v. Kilgore, 58 Tex. 88. The evidence offered by appellant did not establish his claim to the land in controversy, and, on the other hand, the testimony tended to show title in appellee. This disposes of the first proposition which as an abstract proposition of law is correct, but which is not supported by the facts.

There is no merit in the second proposition, which is a mere abstraction, with no facts to support it. The evidence clearly es-

tablished the line which is called the south line of appellee's land, near which he built his house and other improvements. Appellant was present at one time when the improvements were being erected, and not only did not claim that they were on his land, but commended the improvements being made by appellee. There had been a dispute between the parties as to the location of the west line but none as to the south line. Appellant made no claim to the land on which the improvements were situated until this suit was instituted. This was admitted by appellant. However, independent of the question of estoppel, appellant failed to show any title to himself in the land for which the action was prosecuted. Appellant admitted that he did not know where appellee's south line was situated, and yet his title to the land with the improvements depended on the true location. He failed to establish the true location of the south line by any competent testimony. The evidence showed that appellant has in his tract of land 5 acres more than he paid for.

There is no merit in the claims of appellant, and the judgment is affirmed.

MURRAY, J., not sitting.