WINIFRED C. HEINTZ ET AL. V. MARY V. O'DONNELL.

Delivered October 21, 1897.

**1. Registration—Certificate of Acknowledgment Defective.**

A certificate of acknowledgment which states merely the appearance of the grantor, and that he signed his name to the instrument, without stating that he acknowledged such fact to the officer, or otherwise showing how the officer learned such fact, is insufficient under the statute, which provides that the acknowledgment of an instrument for the purpose of being recorded shall be by the grantor appearing before the officer and stating that he had executed the same, and that the officer shall take such acknowledgment and make a certificate thereof. Following McDaniel v. Needham, 61 Texas, 269.

**2. Presumption—Certificate of Acknowledgment.**

A defective certificate to the acknowledgment of a conveyance can not be aided by a presumption of acknowledgment from lapse of time.

**3. Secondary Evidence—Copy of Defectively Recorded Deed.**

Copies of the record of a deed may be admissible as common law evidence, where a proper foundation is laid for secondary evidence, although the certificate of acknowledgment of the deed was insufficient to entitle it to be recorded. ·

**4. Deed—Evidence of Defective Recording as Proof of Delivery.**

That a deed was recorded in the counties where the land was situated is. admissible as a circumstance for the consideration of the jury on an issue as to the delivery of the deed, although the record is ineffectual because of a defect in the certificate of acknowledgment.

**5. Evidence—Ancient Instrument—Custody.**

A deed coming from the custody of the heirs of the grantor is not admissible as an ancient instrument in favor of those asserting title thereunder.

**6. Practice on Appeal—Brief.**

A brief which complains of rulings excluding portions of a deposition, merely referring to several bills of exceptions in the record for the evidence excluded, does not sufficiently comply with the rules.

**7. Judicial Notice—Law of Situs of Real Estate.**

The courts will take judicial notice that the courts of another State can not administer real estate situated in the former State, and no evidence to that effect is necessary.

**8. Deposition—Answer Not Responsive—Pertinent Matter.**

An objection by plaintiffs to parts of a defendant's answer in a deposition taken by plaintiff, because such parts were not responsive to the questions, is not necessarily tenable, as under the statute the party has the right to state in answer any facts "connected with the cause and pertinent to the issue to be tried."

**9. Same—Hearsay.**

Statements in a deposition by a party with reference to facts occurring before her birth, or to the effect that a deed executed by another person before her birth was never delivered to the grantee and was never in his possession, are hearsay and inadmissible.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Baker, Botts, Baker & Lovett* and *Lock McDaniel,* for appellants.—1. A certificate reciting that one whose name appeared signed to a deed to which the certificate was attached appeared before the officer, and was known to him, and "he signed his name to the above deed of conveyance for the considerations and purposes stated," affords no such proof as would authorize the registration of the instrument. Pasch. Dig., arts. 5007, 5008; McDaniel v. Needham, 61 Texas, 269.

2. Without proof of the execution and delivery of the original instrument, an examined copy, or other evidence of its contents, was clearly inadmissible, especially where, as in this case, the original is in the custody of the heirs of the grantor, which circumstance negatives the fact of any delivery to the grantee. Schunior v. Russell, 83 Texas, 83-95; McLaughlin v. McMonigle, 63 Texas, 553.

3. Delivery is necessary to the validity of a deed, and no title passes until delivery has been made. Dikes v. Miller, 24 Texas, 417, 423; Tuttle v. Turner, 28 Texas, 759, 773; McLaughlin v. McMonigle, 63 Texas, 553; Steffian v. Bank, 69 Texas, 513, 518; Van Hook v. Walton, 28 Texas, 59, 73; Hubbard v. Cox, 76 Texas, 242.

4. Even if plaintiff had the original instrument in court she could not use it as an ancient instrument, because she could not show that it came from the proper custody, that is, the custody of the grantee, or those claiming under him. Schunior v. Russell, 83 Texas, 83, 95; Williams v. Conger, 49 Texas, 595.

5. Plaintiff having asked the witness whether a copy of an instrument set forth in the interrogatory was a true and correct copy of the deed in question, and whether she had such deed in her possession, and the principal issue in the case being whether such deed had ever been delivered, the witness had the right to explain her possession of the instrument about which she had been asked, especially as she was one of the heirs of the grantor, and a defendant in the suit.

*Fisher & Sears,* for appellees.—1. The certificate of acknowledgment to the deed from Edward Cochran to W. W. Thayer is a substantial com-

pliance with the statute governing acknowledgments. It states the facts done and stated before the officer, and on which he acted in making his certificate, and those facts are equivalent to the grantor's "stating that he executed the same for the consideration and purposes therein stated," as required by the statute. Hoboken Land Co. v. Kerrigan, 31 N. J. L., 13; Jackson v. Gilchrist, 14 Johns., 89; Belcher v. Weaver, 46 Texas, 295; Muller v. Boone, 63 Texas, 93; Norton v. Davis, 83 Texas, 36; Gray v. Kauffman, 82 Texas, 68; Thompson v. Johnson, 84 Texas, 533; Bashor v. Stewart, 54 Md., 376.

2. If the deed from Cochran to Thayer was not properly acknowledged for record, still there was no error in admitting the deed in evidence, because the copy was shown by the uncontroverted evidence to be a true copy of the original, which was in the possession of the defendants, and the original was shown to have been recorded in three different counties in Texas, which was sufficient proof that the original had been delivered. Holmes v. Coryell, 58 Texas, 688; Estes v. Bank, 34 S. W. Rep., 88; Warren v. Jacksonville, 15 Ill., 236; Robinson v. Gould, 26 Iowa, 89; Kerr v. Birnie, 25 Ark., 225; Kille v. Ege, 79 Pa., 15.

3. There is no case which holds that the finding of a recorded deed in the possession of the heirs of the grantor is a circumstance negativing delivery. When the deed is shown to be delivered, the mere finding of it afterwards in the possession of the grantor or his heirs does not revest title or in any way affect the validity of the deed. Sanborn v. Murphy, 86 Texas, 443; Galbreath v. Templeton, 20 Texas, 47; Hart v. Rust, 46 Texas, 571; Dev. on Deeds, sec. 300.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants in this suit were defendants below, and claimed the land in controversy as heirs of Edward Cochran, deceased. Appellee, plaintiff below, claimed the land under conveyance from W. W. Thayer. The title is conceded to have been in Cochran prior to January 21, 1854, and the controverted question in the case was, whether or not Cochran, at or about that time, executed and delivered to Thayer a deed conveying land which included that in controversy. Plaintiff, in order to prove such conveyance, offered in evidence certified copies from the records of Harris, Colorado, and Jasper Counties, of an instrument recorded therein and purporting to be a deed from Cochran to Thayer, conveying tracts of land situated in each of the named counties. The only certificate of authentication to this deed was the following:

"*State of Louisiana, City of New Orleans.*—Before me, Edward Hall, a Commissioner for the State of Texas, personally appeared Edward Cochran, to me known, who signed his name to the above deed of conveyance for the considerations and purposes stated.

"In witness whereof, I hereunto set my name and seal of office this twenty-first day of January, A. D. 1854.

(L. S.)                              "EDWARD HALL, Commissioner."

The record in Harris County was made February 2, 1854; in Colorado County, March 7, 1854, and in Jasper County, November 29, 1854. In addition to those copies, plaintiff proved by the deposition of Mrs. Heintz, one of the defendants, that the original deed was in her possession, and caused her to make and attach a copy of same, with its indorsements, showing the certificates of authentication and registration, having first given to defendants notice to produce such original. Plaintiff also offered evidence tending to show payment of taxes and assertion of ownership of the lands by Thayer and those claiming under him for many years prior to this suit, and of the nonpayment of taxes by Cochran and his heirs. No actual possession of any of the land embraced in the alleged deed, by either party, was shown. There was some further evidence concerning this deed introduced by defendants, and some offered and excluded, as will more fully appear in a subsequent part of the opinion. When the certified copies from the record and the copy attached to the deposition of Mrs. Heintz were offered by plaintiff, defendants objected to their admission on the grounds, in substance, that the original was not duly registered, and there was no sufficient evidence of its execution and delivery. The court admitted the copies, and, after the evidence was all in, directed the jury to find a verdict for plaintiff.

The first question presented is, whether or not the deed was properly recorded, and this depends upon the sufficiency of the certificate of authentication. The law in force at the time when the certificate in question was given provided: "The acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for purposes therein stated, and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office." We think it very clear that the certificate in question does not comply with this statute. The officer is required to make a "certificate thereof," that is, of the appearance of the party who executed the instrument, and his acknowledgment of the execution. The certificate in question states the appearance of the party who signed the deed, but does not state the other and principal fact, his acknowledgment that he signed it. Everything that is in this certificate is appropriately there, but there is the omission to state the leading fact of acknowledgment, and this renders the certificate incomplete. If this fact were stated between the words "conveyance" and "for," the certificate would contain no more than would be proper. The law quoted did not authorize the officer to ascertain that the party executed the deed in any other way than by his statement or acknowledgment. Proof by the other mode was required to consist of the oath of a witness whose name was subscribed as such to the deed; and this illustrates the illegality of this certificate. If proof is to be made otherwise than by the oath of a subscribing witness, it must be by acknowledgment.

It is urged that no particular form of words need be employed to show

the acknowledgment; that it may be made by conduct as well as by language; and that the facts stated in the certificate as having been done are equivalent to an acknowledgment. It is unquestionably true that literal compliance with the law is not required, and that if a certificate use language substantially equivalent to that used in the statute, it will be sufficient. It may be conceded that the party before the officer may so conduct himself as to authorize the conclusion that he means to acknowledge the execution of the instrument. If such is the case the officer might be authorized to certify that the acknowledgment was made; or, if he should choose, rather, to state just what transpired and the court could see that it amounted to an acknowledgment, the certificate might be held sufficient. These are questions which, in our opinion, this certificate does not raise. What did Cochran say or do before the officer? The certificate fails to answer. It says he is the party who signed the instrument, but when and where did he sign it, and how did the officer learn that he had signed it? Unless he learned it from Cochran's own acknowledgment, the law was not complied with, and if he did so learn it, the statute required him to so state in some form. Consistently with this certificate, it might be assumed that Cochran never said or did anything before the officer about the deed. The case of McDaniel v. Needham, 61 Texas, 269, is certainly authority for the proposition that this certificate is not good, and for even more, but that decision has been attacked as unsound, and we have thought proper to state, partially, at least, our views on the question. See also Huff v. Webb, 64 Texas, 286.

It is also urged that after this lapse of time it ought to be presumed that Cochran acknowledged the deed. The question here is as to the legality of the record. That depends upon compliance with the law under which it was made. The law could only be complied with by the statement in the certificate of authentication of those facts required to be stated. It is a matter required to exist in writing. There is no room for presumption on such a question. We therefore hold that the instrument was not properly recorded, and that the certified copies were not admissible under the statute as copies of documents duly registered.

But, so far as appears from the record, the offer of the various copies was general and not merely as copies of a recorded deed, and it becomes necessary to determine whether or not they were admissible under the common law rules of evidence, and we think they were. Plaintiff proved the existence in the possession of the defendants of the original, of which these were copies, and notified them to produce it. Plaintiff had the right to prove, if she could, the execution and delivery of such original, and to prove this by evidence either direct or circumstantial. The contents of the deed they had put themselves in a position to prove by secondary evidence. The deposition of Mrs. Heintz tended strongly to show that the instrument in her possession had been signed by Cochran. Its contents were conclusively shown by her deposition. The main questions at issue were, whether or not it had been delivered, and if so, for what purpose? The fact that it had been recorded in the counties where

the land was situated was admissible as a circumstance to be considered by the jury in determining the issue. Though the record was not such as, of itself, to make the prima facie case provided by the statute, its existence was a fact which the plaintiff was entitled to have the jury know in determining the question whether or not the instrument· had been executed and delivered by Cochran. We therefore think the court did not err in admitting the copies of the records and the testimony of Mrs. Heintz giving the copy of the deed in her possession, and of its indorsements.

The testimony of Sears, to the admission by defendants that the deed was recorded in the counties named, was harmless, as the same fact was proved by other competent evidence. We think there was evidence tending to show the execution and delivery of this deed sufficient to entitle the plaintiff to have the copies admitted in evidence and to have the jury pass upon its sufficiency. The rule in regard to the admission of ancient instruments has no application, as this deed is in the possession of the heirs of the alleged grantor, and does not come· from such custody as is requisite to raise a presumption of its execution. Whether or not the evidence was sufficient to prove the execution and delivery of the deed was a question for the jury to determine under proper instructions. The placing of a deed on record by a grantor is held to be evidence of delivery, and generally, where there are no countervailing circumstances, it is treated as prima facie, or sufficient evidence of the fact. Webb on Rec. of Title, sec. 144, citing Peterson v. Kilgore, 58 Texas, 88, and many other cases. But it is not legally conclusive, and we do not think that the evidence in this case is of such a character as to authorize the court to instruct a verdict upon it one way or the other. The charge given was erroneous, and for this reason the judgment must be reversed.

The brief of appellant complains of rulings of the court in excluding some portions of the depositions of Mrs. Heintz, but merely refers us to several bills of exception in the record for the evidence excluded. This is not in compliance with the rules. The bills of exception show many different statements of the witness, the admissibility of which depends on the consideration of various objections and the application of different rules of evidence, and we would not ordinarily, as the case is presented, feel it incumbent on us to search out the errors, if any, in these rulings; but as the case is to be tried again, we will indicate our views as to the admissibility of the more important parts of the testimony. No question is made as to the admissibility of a deposition of one of the defendants, in favor of or against the others, when it has been taken by the plaintiff, without notice, under the statute regulating depositions of parties to suits, and our rulings are made without reference to any such question.

When the defendants offered in evidence parts of the answers of Mrs. Heintz to the interrogatories propounded to her by plaintiff, one of the objections urged was that such parts were not responsive to the questions. This objection was not well taken to such of the answers as are held otherwise admissible, as under the statute the party had the right to state any

facts "connected with the cause and pertinent to the issue to be tried." Rev. Stats. art. 2296. The witness stated that she was born in 1862, and consequently she could have no original knowledge of facts which transpired before that time. Her statement, therefore, that the deed was sent by her father after its execution (in 1854) to Texas to be recorded, and that it was returned to him and remained continuously in his possession until his death, was necessarily hearsay and inadmissible. For the same reason, her statement that the deed was never delivered to Thayer and was never in his possession was hearsay. The remainder of the facts, stated in her answer to the twelfth interrogatory, as stated in bill of exceptions number 4, could have been known to her, and the court could not properly assume that they were not, and it was error to exclude them. We can not see that any of the evidence excluded, as set out in the fifth bill of exceptions, was admissible, except it may be the same as that just held competent. It seems to consist wholly of the statement of contents of written documents, or conclusions of the witness, and of hearsay evidence. The statements and the objections to its admissibility are so numerous that, in view of the defective manner in which they were presented, we can not very well be more specific. The evidence stated in the first bill of exceptions was contained in a deposition of Mrs. Heintz taken upon interrogatories of which notice was regularly given to defendants and to which they filed cross-interrogatories, and a sufficient objection to it was that it was not responsive to the question.

The evidence stated in bill of exception number 2 was not offered by plaintiff, but by defendants. When the court excluded part of the answer, defendants need not have offered the rest, if they did not choose to do so, and hence can not complain of its admission. The statement of the witness as to the law of Louisiana, which was excluded, was not admissible, as she did not show herself competent to testify upon such a subject. The fact stated by her, however, that the courts in Louisiana could not administer real estate situated in Texas, was sufficiently obvious to be taken notice of by the court. This was not dependent upon the law of Louisiana, and evidence as to that law was irrelevant. The statement as to the indorsement upon the deed by the notary who made the inventory was not responsive to the question. We think it also true, that she could not refuse to produce the deed and, at the same time, offer evidence of indorsements upon it not called for by the adverse party. Cross-interrogatory number 6, as set out in the third bill of exceptions, called for the belief of the witness, and hence it and the answer were properly excluded. Part of the answer also stated the belief of the witness, and the remainder was not responsive.

Because of the error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*