## D. W. BROWN v. J. B. HOOKS ET AL.

### Decided October 15, 1903.

**Practice—Pleading—Constructive Trust.**

Exceptions to a petition are properly sustained when the petition states no cause of action. Note the opinion for substance of a petition held unsufficient to allege even a constructive trust, which is sought to be made the basis of this action.

Appeal from the District Court of Hardin. Tried below before Hon. L. B. Hightower.

*B. L. Aycock,* for appellant.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover of appellees the sum of $15,000 alleged to have been received by appellees, and to be now held by them as trustees for appellant.

The petition alleges, in substance, that the defendants Hooks and Dies fraudulently procured and placed upon record in Hardin County a lease purporting to have been executed by plaintiff to said defendant Dies, and conveying the oil and mineral rights in a tract of 640 acres of land owned by plaintiff in said county; that said lease was not executed by the plaintiff nor with his consent or knowledge; that after the defendants had procured and recorded said instrument they transferred and assigned to Gordon S. Orme, for a consideration of $1000, the rights in plaintiff's said land which said instrument, by its terms, conveyed to Dies; that the $1000, so received by said defendants was received and held by them as trustees for plaintiff; that the trust funds so received by said defendants were invested and reinvested by them in the purchase of lands and oil leases, and was so mixed and mingled with other funds of said defendants as to make it impossible for plaintiff to trace the various mutations of same; that said defendants after receiving said $1000 purchased lands and oil leases for which they paid the sum of $10,000, using said $1000 as part of said purchase money, a list of the lands so purchased being inserted in the petition; that the properties purchased by said defendants for said $10,000 have been sold by them to the defendant Markham, and said defendants have or will realize from said sale the sum of $150,000; that said Markham has not yet paid the whole of the purchase price of said property, but still has in his hands $70,000 of same. It is further alleged that $15,000, or one-tenth of the purchase price of said property, is held by the defendants in trust for plaintiff, and recovery of said amount is asked against all the defendants.

The court below sustained defendants' general and special exceptions to the petition, and plaintiff declining to amend, his suit was dismissed.

The petition fails to state a cause of action against the defendants,

and the exceptions were properly sustained. No facts are alleged in the petition upon which a constructive trust can be predicated and the facts pleaded conclusively negative the existence of an express trust. If, as alleged, the lease of plaintiff's land was a forgery, no rights were acquired by the lessee or his assignee by the execution of said instrument, and none of plaintiff's rights in said land were affected thereby.

If the alleged fraud of defendants had prevented plaintiff from selling his land or interfered in any way with his use and enjoyment of same, it may be that the damage thus occasioned would be recoverable, but no such damage is alleged or sought to be recovered by the petition in this case. The only damage which may be inferred from the petition to have been occasioned by the alleged fraudulent acts of the defendants Hooks and Dies was the damage sustained by their vendee Orme, by reason of his purchase of property to which his vendors had no title.

It not appearing from the petition that plaintiff has sustained any damage by reason of the acts complained of, and there being no trust relation between the parties, no cause of action is shown, and the judgment of the court below dismissing the suit is affirmed.

*Affirmed.*

Writ of error refused.