## Texas & Pacific Railway Company et al. v. Daugherty and Voliva.

Decided October 17, 1903.

**Hearsay—Deposition—Sale of Cattle by Agent.**

Where a witness testified positively to the correctness of a statement attached to his deposition, rendered by him as agent and showing the sale of certain cattle, their weight, price, etc., and in reply to a cross-interrogatory asking if he weighed the cattle he replied that he did not, but his yard man did, this was not sufficient to exclude the deposition on the ground of hearsay, as it did not rebut the inference to be drawn from the previous answer that he was present when the cattle were weighed.

Appeal from the District Court of Midland. Tried below before Hon. W. K. Homan, Special Judge.

*Bryan & Whitaker,* for appellant Missouri, Kansas & Texas Railway Company.

*B. G. Bidwell,* for appellant Texas & Pacific Railway Company.

*Camp & Caldwell,* for appellee.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment in favor of appellees for damages in the sum of $1722.30, apportioned as follows: Against the Texas & Pacific Railway Company, $287.05; against the Missouri, Kansas & Texas Railway Company of Texas, $358.80, and against the Missouri, Kansas & Texas Railway Company, $1076.45. The main ground of recovery was delay of from twenty to twenty-three hours, due to negligence, in the transportation of 391 beef cattle from Midland, Texas, to National Stock Yards, East St. Louis, Ill.

The verdict, of which no complaint is made, establishes, and we consequently find, that each of the appellants was negligent as charged; that the negligence of each, in the proportion above stated, caused the injuries complained of; and that the damages allowed by the jury did not cover any injuries produced by the failure of appellees' agent in charge of the cattle to unload, feed and water them, as pleaded by appellants.

The material issues raised by the pleadings and evidence were clearly, correctly and fully submitted to the jury in the charge of the court, and there was consequently no error, as assigned, in refusing special instructions. The questions raised by these assignments seem too well settled to require discussion.

Whether the court erred in admitting or not excluding the testimony of witness Berry, given by deposition, as to the weight of the cattle when sold in East St. Louis, which was objected to on the ground that it was hearsay, is perhaps not altogether so clear; but we have con-

cluded that this ruling, too, should be approved. Berry, as agent for the commission company, sold the cattle for appellees and rendered to them at the time an account of the sales, in which was a statement of the number sold, to whom sold, weights, prices and the amount received therefor, which original account was attached to his deposition. In answer to direct interrogatories he testified positively to the correctness of this statement, which showed the weight of 382 of the cattle to be 319,120 pounds. In response to the cross-interrogatory, "Did you weigh the cattle?" he answered, "I did not, but my yard man did." This, we think, was of itself hardly sufficient to show the incompetency of the deposition given in answer to direct interrogatories. It does not quite rebut the inference fairly to be drawn from his examination in chief that he was personally present when the cattle were weighed and thus acquired such knowledge of that fact as to warrant him in testifying thereto, although the actual weighing was done by a servant of his.

These conclusions dispose of all the assignments.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.