MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ET AL. V. KYSER & SUTHERLAND.

Decided May 30, 1906.

**1.—Charge—Assuming Facts.**

A mere statement in the charge of the issues made by the pleadings can not be construed as assuming the existence of proof on those issues.

**2.—Measure of Damages—Difference in Market Price—Charge.**

An instruction, in a suit for damage by delay of a shipment of cattle, that the measure of plaintiff's damage was the difference in the market price, if transported in the usual and ordinary time, and that realized on transportation in the time actually made, was not ground for reversal where the defendant asked and obtained an instruction relieving it from such liability if it used ordinary care and diligence in the transportation.

**3.—Evidence—Personal Knowledge—Presumption.**

A witness who testifies to the weights of cattle when sold at the stock yards is presumed, in the absence of evidence to the contrary, to speak from his personal knowledge.

**4.—Contributory Negligence—Feeding Cattle.**

Contributory negligence will not be attributed to a shipper of cattle in not keeping charge of and feeding his cattle before loading, where he placed them in the loading pens at the instance of the railway agent and on his assurance that the cars for loading them were expected soon, but such cars were delayed, and the cattle suffered damage while awaiting them.

Appeal from the District Court of Falls County. Tried below before Hon. Sam R. Scott.

*T. S. Miller* and *Martin & Martin*, for appellants.—The statement of the case assumed that the plaintiffs' cattle were, as a matter of fact, injured as alleged in plaintiffs' petition. International & G. N. Ry. Co. v. Locke, 67 S. W. Rep., 1084; Missouri, K. & T. Ry. Co. v. Rodgers, 40 S. W. Rep., 852.

A carrier is usually only required to use ordinary care and diligence, under all the circumstances, in transporting cattle to market. Greismer v. Lake S. & M. S. Ry. Co., 26 Am. and Eng. R. R. Cases, 287.

Overstreet did not weigh plaintiffs' cattle nor see them weighed; his testimony as to the weights of same was hearsay. Texas & P. Ry. Co. v. Scott, 86 S. W. Rep., 1065; Texas & P. Ry. Co. v. Leggett, 86 S. W. Rep., 1066.

The contributory negligence on the part of a plaintiff is a complete defense to his action, and especially is this the case when, as in this case, the damages caused by the contributory negligence can not definitely and certainly be ascertained and separated from the damage, if any, caused by the defendant. Fort Worth & D. C. Ry. Co. v. Daggett, 87 Texas, 329; Texas & P. Ry. Co. v. Byers, 73 S. W. Rep., 427; Texas & P. Ry. Co. v. Peters, 71 S. W. Rep., 70; Texas & P. Ry. Co. v. Arnold, 16 Texas Civ. App., 76.

*W. E. Hunnicutt* and *Z. I. Harlan*, for appellees.—The charge complained of is merely introductory to the main charge, a mere calling

of the attention of the jury to the issues before them. Atchison, T. & S. F. Ry. Co. v. Cuniffe, 57 S. W. Rep., 692; International & G. N. Ry. Co. v. Tabor, 12 Texas Civ. App., 289; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 66.

The minimum legal duty which the defendants as common carriers owed to plaintiffs as shippers was to haul their cattle in the usual and ordinary course of business, taking into consideration its own track conditions which might render speed slow. San Antonio & A. P. Ry. v. Pratt, 89 Texas, 310; Gulf, C. & S. F. Ry. v. Ellison, 70 Texas, 492; Missouri Pac. Ry. v. Nicholson, 2 App. C. C., sec. 168; Gulf, C. S. F. Ry. v. Beattie, 13 Texas Ct. Rep., 598; St. Louis S. W. Ry. v. Hunt, 81 S. W. Rep., 322.

Where a railroad company contracts to furnish cars to ship cattle in on a specific day, it is liable for the damages resulting from the failure to do so, and can not avoid the liability by showing that a bridge was burned out on its road after the time for furnishing cars, and after the time the cattle would have passed the place had the cars been furnished and the cattle shipped according to contract. Gulf, C. & S. F. Ry. v. McCorquodale, 71 Texas, 41; Texas & P. Ry. v. Davis, 93 Texas, 389; Cross v. McFadden, 20 Texas Civ. App., 464; Texas & P. Ry. v. Nicholson, 61 Texas, 495.

For whatever damages were sustained awaiting the arrival of the cars, defendants are liable, regardless of the provisions of the shipping contract which was not executed until after the cars arrived. Texas & P. Ry. v. Nicholson, 61 Texas, 495; Gulf, C. & S. F. Ry. v. House, 88 S. W. Rep., 1111; Missouri, K. & T. Ry. v. Carter, 9 Texas Civ. App., 690.

Overstreet having testified that he personally effected the sale of these cattle, that their correct weights were shown in the account sales rendered to plaintiffs, and as to what the true and real weights of the cattle were, the presumption arose that he was present and saw the cattle weighed and that he knew their weights. Texas & P. Ry. v. Daugherty, 76 S. W. Rep., 606; Hubbard City Oil Co. v. Nichols, 89 S. W. Rep., 797; Elliott on Evidence, 460.


EIDSON, Associate Justice.—This is an action brought in the court below by appellees against appellant for alleged damages to a shipment of cattle. That part of the charge of the court below complained of in appellant's second assignment of error is merely a statement of the issues made by the pleadings, and could not be regarded as assuming the proof of any issue in the case. (Atchison, T. & S. F. Ry. Co. v. Cuniffe, 57 S. W. Rep., 692; International & G. N. Ry. Co. v. Tabor, 12 Texas Civ. App., 289.)

Appellant's third assignment of error assails that part of the charge of the court below relating to the measure of damages, upon the ground that it instructs the jury that plaintiff would be entitled to recover the difference in the market price of the cattle in the market at National Stock Yards at the time they should have arrived at said market "in the usual and ordinary course of business in shipping such cattle to market," and the time when the cattle actually reached the National Stock Yards and were placed on the market; whereas the correct measure of damages is the difference in the market value of the cattle at the time when they

should have reached the market by the use of ordinary care and diligence in the transportation of said cattle from the place of shipment, and the time when said cattle did in fact arrive at said market. As contended by appellants, a carrier is usually only required to use ordinary care and diligence under all the circumstances in transporting cattle to market; but we do not think appellants were prejudiced by the instruction complained of, in view of the fact that they requested and the court gave a special instruction embracing the same proposition as to their liability; and, in effect, conceding their duty in this transaction to be to transport plaintiffs' cattle to their destination within the usual time necessary for that purpose, but which sought to avoid liability for failure to perform that duty on the ground of the wet and soft condition of appellant's track.

Appellant's fourth assignment of error is not well taken. The charge complained of in this assignment was proper, in view of the pleadings and evidence in the case.

There was no error in the refusal of the court below to strike out the testimony of the witness Overstreet on motion of appellants, upon the alleged ground that it was hearsay. While it does not affirmatively appear from the testimony that Overstreet was present and saw the cattle weighed, his testimony as to their weights implies personal knowledge thereof; and, in the absence of testimony to the contrary, the inference will be indulged that he saw the cattle weighed and testified from personal knowledge. (Texas & P. Ry. Co. v. Daugherty, 76 S. W., 606; Hubbard City Oil Co. v. Nichols, 89 S. W., 797.)

Appellants' eleventh assignment of error is overruled. We think there is ample testimony shown by the record to support the verdict of the jury. The testimony showed damages sustained by the cattle during the delay in furnishing the cars equal to the amount of the verdict, independent of any sustained during transportation.

Appellants by their twelfth assignment of error contend that appellees are precluded from recovering in this case by their contributory negligence, which consists in their failure to feed and water the cattle while they were in appellants' stock pens awaiting shipment and during their transportation, and especially for the reason, as they claim, that the damage caused by the contributory negligence of appellees can not definitely and certainly be ascertained and separated from the damage, if any, caused by appellants. We do not think the doctrine of contributory negligence applies to the facts of this case, as the evidence clearly shows that whatever injury or damage was caused to appellees' cattle by the failure of appellant to furnish the cars for their shipment according to the contract or to transport them with proper diligence, was separate from and not brought about or contributed to by any fault of negligence of appellees. It does not constitute contributory negligence on the part of the shipper to put his cattle in the pens of the carrier at its instance and direction, and allow them to await the arrival of cars without feed or water, when the agent of the carrier informs him that the cars are expected soon. (Gulf, C. & S. F. Ry. Co. v. House, 88 S. W. Rep., 1112.) Under the circumstances shown by the testimony, we think the jury were justified in holding that appellants were liable for all the damages sustained by the cattle during the time they were in the pens await-

ing the cars. And there is testimony showing that they were damaged during this time in an amount equal to the amount found by the verdict of the jury for depreciation in weights. However, the charge of the court protected appellants against any liability for damages accruing to the cattle on account of their not being fed or watered, and limited appellees' recovery on account of shrinkage in weight to that occasioned by the unnecessary delays in the shipment of the cattle.

As already stated, we think the testimony shown by the record sufficient to support the finding of the jury as to damages caused by depreciation in the weight of the cattle; and hence overrule appellants' ninth assignment of error.

No reversible error appearing in the record, the judgment of the court below is affirmed.

*Affirmed.*