[No. 3410.]

## LITTLE v. HOWELL.[*]

TAX TITLES—*Deeds—Acknowledgment.* A treasurer's deed not acknowledged substantially as prescribed by statute, is void. The acknowledgment must be made by the person who executed the conveyance, and this must appear from the instrument itself. A deed purporting to be executed by the treasurer in person, bearing a certificate that it was acknowledged by his deputy, must be rejected.

That the initials of the deputy appear below the signature of the treasurer will not be received to raise the presumption that in fact the deed was subscribed by the deputy.

*Appeal From Washington County Court.* HON. C. W. BALLARD, Judge.

Mr. AUGUST MUNTZING and Mr. EGBERT MORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

WALLING, Judge.

Appellant, who was the plaintiff in the lower court, brought this action against appellee, under the code, for the purpose of quieting the alleged title of the plaintiff to certain lands as against any adverse claim of the defendant.

The only matter presented for our determination is the alleged error of the trial judge in refusing to permit the plaintiff, upon the trial, to introduce, as evidence of his claimed title to the land in controversy, an instru-

*This report should have appeared in 22 Colo. App. Manuscript mislaid by printer.

ment purporting to be a treasurer's deed executed in pursuance of the sale of the land for delinquent taxes. The principal objection to the admission of the deed, and the only one discussed in the briefs, turned upon the signature to the supposed deed and its acknowledgment, and special reference will be made to such parts of the instrument as are deemed essential to the determination of that objection. The body of the instrument was substantially in the form of the treasurer's tax deed prescribed by the statute, the granting clause commencing with the words, "Now, therefore, I, J. F. Dole, treasurer of the county aforesaid," etc. The following are copies of the *in testimonium* clause, signature, and certificate of acknowledgment:

"In witness whereof, I, J. F. Dole, treasurer as aforesaid by virtue of the authority aforesaid, have hereunto set my hand and seal this fifth day of October, A. D. 1898.                         J. F. DOLE,   (Seal)
                                                  Treasurer.
                                                      F. D.
State of Colorado, County of Washington—ss.

I hereby certify that before me, John C. Hudson, Co. Clerk in and for said County, personally appeared the above named J. F. Dole, by F. W. Dole Dep. Treasurer of said County, personally known to me to be the Treasurer of said County at the date of the execution of the above conveyance, and to be the identical person whose name is affixed to, and who executed the above conveyance as Treasurer of said County, and who acknowledged the execution of the same to be his voluntary act and deed as Treasurer of said County, for the purposes therein expressed.

Given under my hand and official seal, this 5th day of October, A. D. 1898.

                                    JOHN G. HUDSON,
                                        County Clerk."

The fact that the initials "F. D." followed the apparent signature of the treasurer has given rise to an extended discussion as to whether it should be presumed that the instrument was in fact subscribed by that officer, in the absence of any evidence of the fact; and it has been suggested that it may be assumed, in support of the deed, that it was signed by the deputy treasurer, in the name of the principal officer. But we have no means of determining whether the name of the treasurer was subscribed by himself, or by another, or what the initials beneath the supposed signature signified, and we have no right to indulge any presumption in that regard. Evidently the initials mentioned cannot be regarded as the signature of the person who executed the deed. Under the statute the due execution of a tax deed must be proved by its acknowledgment, and no other evidence of the fact of execution could be allowed. This is because the statute has made the acknowledgment of the deed an indispensable part of its execution, and a deed not acknowledged substantially in the prescribed manner is void.—*Empire R. & C. Co. v. Bender,* 49 Colo., 522, 113 Pac., 494; *Matthews v. Blake,* 16 Wyo., 116, 92 Pac., 242, 27 L. R. A. (N. S.), 339.

The certificate of acknowledgment annexed to the instrument here in question was in the statutory form, except that the words, "by F. W. Dole, dep." are inserted between the name "J. F. Dole" and the words "treasurer of said county," indicating that the acknowledgment was made by a deputy, in lieu of the person whose name was subscribed to the deed as treasurer. Whether this form of acknowledgment would have been sufficient, if it had appeared that the person making it had executed the deed in the name of the treasurer, as his deputy, we need not now decide. See *Ward v. Walters,* 63 Wis., 39, 22 N. W., 844. There was, in this instance, nothing to indicate that the instrument was

acknowledged by the person whose name was subscribed to it, nor did it appear from the certificate of acknowledgment or from the body of the instrument that it was executed by a deputy treasurer.  We think that it was essential to the validity of the, deed that it should have been acknowledged by the officer who executed it, and that that fact should have been manifest from the instrument itself.  Since it did not so appear, the supposed deed was properly excluded.

As stated, there is no other objection urged against the judgment of the county court, and it is affirmed.

*Affirmed.*