Bell, J.
This action was brought in the District Court of Baca County, Colorado, April 7th, 1910, by David B. Nowel against James F. Berger, John Minturn and others, for the purpose of quieting the title to lots 3 and 4', and the south half of the northwest quarter of Section 1, Township 29 S., Range 44 W., in said Baca County. After the issues were formed, it was substantially admitted between the contesting parties that Minter, plaintiff in error, received from the County .Treasurer of Baca County a tax deed for the lands in question; that the same was duly recorded August 22nd, ' 1900; that on February 19th, 1901, Minter paid the 1900 taxes'on said lands; that each year thereafter he duly paid the taxes for the preceding year, including the taxes for the years from 1900 to 1909, both inclusive, before this suit was brought; that all of said taxes were paid in good faith under said tax deed, and during all of said period the lands in dispute were vacant and unoccupied. Said County Treasurer duly signed said tax deed for the premises, and, seemingly, endeavored to acknowledge the same before the County Clerk of said County, who certified that, before him, personally appeared W. M. Stewart, Treasurer of said County, personally known to him to be the Treasurer at the date of the execution of the conveyance, and to be the identicaf person whose name was affixed to and who executed the same as treasurer of the county for the purpose therein expressed; but did not anywhere certify that said Stewart acknowledged the execution of the same. This left the attempted acknowledgment a nullity.
*235 It is said to be a universal requirement that the certificate of acknowledgment shall recite the fact of acknowledgment, and where such recital is omitted the lapse of time will not raise any presumption of acknowledgment: Sec. 202, page 855, volume 1, Corpus Juris, citing, among many other cases, Henderson v. Grewell, 8 Cal., 581; Bryan v. Ramirez, 8 Cal., 461; Heintz v. O’Donnell, 17 Tex. Civ. App. 21, 42 S. W. 797. See also 1 Ruling Case Law, 286, Sec. 66, citing note to Terise v. Bottego, 108 Am. St. Rep., 521, 531.
' Acknowledgment in its technical, legal sense means a formal declaration or admission before an authorized court or public officer, by a person who has executed an instrument, that such instrument is his act and deed: Corpus Juris.-, supra, 745. There is'neither a declaration nor. an admission of the grantor, in the certificate under consideration, that the tax deed was his act and deed; hence, no acknowledgment at all.
Sec. 3902, Mill’s Ann. Stats., provides that the tax deed shall be signed by the treasurer in his official capacity, and attested by his official or private seal, and acknowledged by him before some officer authorized to take acknowledgments of deeds, and when substantially thus executed and recorded in the proper record of titles to real estate, shall vest in the purchaser all the right, title, interest and estate of the former owner in and to the land conveyed, and also all the right, title, interest and claim of the state and county thereto, and shall be prima facie evidence in all courts of this state in all controversies and suits in relation to the rights of .the purchaser;- his heirs or assigns, to the land thereby conveyed, that said land or property was subject 'to taxation; that the taxes were not paid prior to sale; that said property had not been redeemed; that it had been listed and assessed legally'; that the levy was properly made; that the property was legally advertised and sold for taxes as therein stated; that the grantee named was the purchaser m sUe¡ *236 cessor in interest of such purchaser; and that the sale was conducted in the manner required by law.
The trial court held, in effect, that the failure of the treasurer to acknowledge the tax deed left the same inoperative, and that the same does not purport to convey title to the real estate described therein, and until a tax deed is acknowledged substantially as required by statute, it cannot become a colorable title.
A deed between private parties may be executed and delivered and made effective without acknowledgment or record; but it has been frequently held that a tax deed, under our statutes, not acknowledged substantially in the manner prescribed by statute, is void: Sayre v. Sage, 47 Colo. 559, 108 Pac. 160; Empire Co. v. Bender, 49 Colo. 522, 113 Pac. 494; Little v. Howell, 24 Colo. App., 128, 130, 124 Pac. 743.
In Sayre v. Sage, supra, the tax deed there in controversy was issued in 1893 and delivered to the purchaser, but was not recorded until September, 1898. The action was not commenced until December, 1902, or less than seven years after the tax deed was recorded. Gabbert, J., speaking for the Supreme Court, said :
“The deed in question had neither seal (official or private) . The general assembly has the authority to prescribe the form and requisites of a tax deed. The treasurer, in executing such deed, acts under a naked statutory power, and in order that it shall be valid, it must comply substantially with the provisions of the statute prescribing its form. .That it must be attested by the official or private seal of the treasurer is a positive requirement of the statute, and is as necessary to its validity as any other. Without one or the other of the seals specified, it is void. Sutton v. Young, 4 Neb., 319; Deputron v. Young, 134 U. S., 241, 33 L. Ed. 923, 10 Sup. Ct. Rep. 539; Gue v. Jones, 25 Neb. 634, 41 N. W. 555; Reed v. Merriam, 15 Neb. 324, 18 N. W. 137; Gage v. Starkweather, 103 Ill. 559; Reed v. Morse, 51 Kan. 141, 32 Pac. 900.
*237 “* * * By virtue of the provisions of sec. 3902, 2 Mills’ Stats.', Which recites, in substance, that when a tax deed is recorded in the proper record of titles to. real estate it vests in the grantee all the right, title and interest of the former owner in and to the land thereby conveyed, a tax deed does not purport to convey any title to real estate until it has been filed for record in the proper office. Hence, it follows, that neither Sec. 2923-e nor Sec. 2924, supra, (Mills’ Stats., Rev. Supp.), operates to give the grantee in a tax deed color of title until it has been filed for record. Morris & Thombs v. St. Louis Nat’l Bank, 17 Colo. 231, 29 Pac. 802; Wason v. Major, 10 Colo. App., 181, 50 Pac., 741.”
Further, he held that “color of title can only arise out of a conveyance purporting to convey title to real estate,” citing in support thereof Omaha & Grant S. & R. Co. v. Tabor, 13 Colo. 41, 21 Pac. 925, 5 L. R. A. 236, 16 Am. St. 185; Warren v. Adams, 19 Colo. 515, 36 Pac. 604.
The conclusions thus expressed in Sayre v. Sage, supra, to the effect that, until a tax deed is executed in substantial conformity" with the requirements of the statute, and recorded, it does not purport to convey any title to the real estate described therein, and cannot operate as color of title, have been adhered to in many subsequent decisions of this and the Supreme Court. In Empire Co. v. Bender, supra, Bailey, J., speaking for the court, said:
“The tax deed offered in evidence, to support of defendant’s adverse claim, was unacknowledged. Without acknowledgement it is a nullity, and was not competent in evidence for any purpose. Under the statute in force at the time of the execution of such an instrument, it was a prerequisite that the deed should be signed by the treasurer in his official capacity and attested by his official or private seal, and acknowledged, before some officer authorized to take acknowledgments of deeds, and when substantially thus executed and recorded in the proper records of title to real estate, it vested all the right, title, interest and estate of the *238 former owner in and to the lands conveyed. Until the deed was thus executed, namely, signed by the treasurer in his official capacity, attested by his private or official seal, and acknowledged, it was no deed. Mills’ Ann. Stats., secs. 3901 and 3902; Sayre v. Sage, 47 Colo. 559, 108 Pac. 160; Dunlap v. Henry, 76 Mo. 106; Leftwich v. City of Richmond, 100 Va. 164, 40 S. E. 65; and Jackson et al. v. Neal, 136 Ind. 173, 35 N. E. 1021.” (Italics are mine.)
Revised Statutes, 1899, sec. 1897, of Wyoming, provide that tax deeds shall be acknowledged by the county treasurer before the clerk of a District Court. In the case of Matthews v. Blake, 16 Wyo 116, 92 Pac. 242, 243, a tax deed was offered in evidence, the acknowledgment of which was taken before a notary public, and the Supreme Court held the deed void upon its face, because not acknowledged before the proper officer, and that the same did not cona-Htute even a color of title. The court said, in part:
“Where the statute directs the execution of a deed by a public officer, and requires it to be executed in a particular manner and to be witnessed or acknowledged before a particular officer, the witnessing or acknowledging of the deed in that manner is a part of its execution, and without such witnessing or acknowledgment is void upon its face. The rule is stated in Black on Tax Titles, sec. 208. (1st Ed.„ sec. 392, 2nd Ed.), as follows: ‘A rule of primary importance is that the execution of a tax deed must conform strictly to the statute ; that is, any directions which the law may give in regard to its signature, seal, witnesses or acknowledgment must be duly complied with, or the conveyance wfi.1 be invalidated. Thus, if -the act requires the tax deeds «shall be authenticated by the addition of the seal of the county, and.this be omitted, the deed will be void; .nor will.it even :be admissible to show color of title under the special limitation of the revenue act,’{Italics are outs-.)..
We think the ruling of the trial court, in excluding the .unacknowledged tax deed.tendered in-evidence as-cQlor.pf *239 title, wás in harmony with the decision's of the Supreme Court of this state and other authorities herein cited; hence, the. judgment is affirmed.

Affirmed.