Isaiah **HUGHES**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 836.

Court of Civil Appeals of Texas, Corpus Christi.

March 21, 1974.

Rehearing Denied April 18, 1974.

M. S. Munson, Jr., Wharton, Kenneth J. Douglas, James & Price, Houston, for appellant.

Jack Salyer, Bay City, for appellee.

## OPINION

BISSETT, Justice.

This is a juvenile proceeding instituted by the State of Texas against Isaiah Hughes under the provisions of Article 2338–1, Vernon's Ann.Civ.St.[1] Following a hearing in the Juvenile Court of Wharton County, Texas, judgment was rendered granting the State's motion to waive jurisdiction and to transfer the case to the District Court of Wharton County for criminal proceedings. Hughes has appealed. We affirm.

The State filed a complaint against Hughes on May 30, 1973, wherein it was alleged that he was a delinquent child under the law in that he committed murder on or about the 24th day of May, 1973, and that he was 16 years of age at the time of the alleged commission of the crime. The Juvenile Court, on May 30, 1973, ordered James H. Cody, the Juvenile Officer of Wharton County, to make a complete diagnostic study, social evaluation and full investigation of Hughes, his circumstances and the circumstances of the alleged offense. The order required that the report be filed " . . . in the papers of this case." This report, which was duly and timely filed by Mr. Cody, consisted of the following:

(a) a psychiatric certificate prepared and signed by Dr. Raleigh P. Gleason, Jr., a neuropsychiatrist;

(b) a psychological evaluation, prepared and signed by Carroll Camden, a psychologist;

(c) a social evaluation and investigation of the juvenile and his circumstances, prepared and signed by Jo Ann Williams, a Public Welfare Worker; and

(d) a report on the child, his background and the circumstances of the alleged offense prepared and signed by James H. Cody himself.

The State filed a motion in the Juvenile Court on July 16, 1973, requesting that the Court, after hearing, " . . . waive jurisdiction and transfer the child to an appropriate Court of Wharton County, Texas, for criminal proceedings." Counsel for the juvenile did not except to the motion nor did he file any pleadings in behalf of appellant. A hearing on the motion was held on July 31, 1973. At the conclusion of this hearing, appellant's attorneys filed a motion for a directed verdict based on the alleged failure of the State to prove by competent evidence the jurisdictional element of appellant's age. The motion was overruled. Judgment was rendered on August 1, 1973, in which the jurisdiction of the Juvenile Court was waived and jurisdiction over Hughes was "transferred to the District Court of Wharton County, Texas, for criminal proceedings in accordance with the Code of Criminal Procedure". The Juvenile Court, in its judgment, among other findings, found that Hughes was "16 years of age at the time of the commission of the offense, having been born on the 10th day of August, 1956".

This appeal is predicated on a single point of error, which reads as follows:

"The Trial Court erred in overruling Respondent's Motion for directed verdict as the State failed to prove the requisite

1. The statute was replaced by § 54.02 of Title 3, Family Code, V.T.C.A., effective September 1, 1973.

jurisdictional fact of the Respondent's age by competent evidence."

Appellant's sole contention is that the finding by the court that appellant was 16 years of age at the time the alleged offense was committed was based upon hearsay, which amounts to no evidence; consequently, there is no legal basis for the judgment that was rendered.

The State offered the four reports listed above (which, collectively, constitute the report of Cody) at the outset of the hearing. Each of the reports recites that Hughes was 16 years of age. In addition, the psychological evaluation report, the social evaluation report, and Mr. Cody's background report each state Hughes' date of birth to be August 10, 1956. All four reports were admitted into evidence without objection.

Dr. Gleason, the neuropsychiatrist, testified, in effect, that he knew appellant's age and that he was 16. This positive statement [2] concerning appellant's age went unchallenged. Later, appellant's attorney, during cross-examination, allowed Dr. Gleason to qualify his answer to a question, when the doctor said:

"He is now almost 17 years old, and has had probably 11 years of schooling, . . ."

This, too, went unchallenged! In the further questioning of Dr. Gleason by counsel for appellant, there appears in the record the following questions and answers:

"Q Did you feel from your evaluation that he (appellant) was any different from any other 16 year old boy?

A Yes.

Q Just a totally normal 16 year old boy?

A I felt he was advanced in his maturity for his age, . . ."

We agree with appellant that hearsay, whether admitted over or without objection, is incompetent, without probative value, and may not be used for any purpose. Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376 (1959); Knapik v. Edison Bros., Inc., 313 S.W.2d 335 (Tex.Civ.App.—Waco 1958, writ ref'd).

It is appellant's position that as the record affirmatively reflects that no one ever stated that he (she) of their own personal knowledge, knew the birth date of appellant, that all of the evidence relating to the age of appellant was hearsay as a matter of law. We do not agree. Generally speaking, the requirement of personal knowledge of the facts to be proved is a necessary qualification of the witness, and it would seem that the party offering the witness should have the burden of proof of the qualification before the substantive testimony may be elicited from the witness, and the opposing party should be accorded the right to cross-examine at that time as to such qualification. But, on occasion the party offering the witness omits this preliminary proof of personal knowledge, and no objection is made by the opposite party. In such event, by failing to object, the opponent waives the requirement that the party prove that his witness have personal knowledge of the facts before offering the substantive evidence, and if the witness' subsequent testimony is such as, so far as appears from the record, might have been within his personal knowledge, the opposing party cannot complain. Strickland Transportation Co. v. Ingram, 403 S.W.2d 192 (Tex.Civ.App., Texarkana 1966, writ dism'd); Texas & P. Ry. Co. v. Daugherty & Voliva, 33 Tex.Civ.App. 267, 76 S.W. 605 (1903, writ ref'd); Eastern Texas R. Co. v. Daniel & Burton, 133 S.W. 506 (Tex.Civ.App.1911, n. w. h.); Missouri, K. & T. Ry. Co. of Texas v. Kyser & Sutherland, 43 Tex.Civ.App. 322, 95 S.W. 747

2. Question by the District Attorney and the answer by Dr. Gleason:
   "Q In that regard I am sure you already know that this man will be seventeen (17) on August 11, 1973, at which time the law considers him an adult?
   A Yes."

(1906, n. w. h.); Heintz v. O'Donnell, 17 Tex.Civ.App. 21, 42 S.W. 797 (1897, n. w. h.); McCormick and Ray, Evidence, Vol. 1 793, pp. 578–582.

▮ The recitations of age in the reports and in the answer of Dr. Gleason to the question propounded by counsel for the State, standing alone in the record, are not hearsay. They are positive statements of a fact. The statements were not challenged by appellant. Such statements may have been based on information derived from a source which would bind appellant. The clear implication from the questions asked Dr. Gleason by counsel for appellant, coupled with his answers, tends to prove that the appellant was 16 years of age. It is possible that the authors of the reports consulted various public records in order to determine appellant's age and date of birth, or they could have gained this information from appellant himself. It is also possible that Dr. Gleason and the others who made the reports may have had personal knowledge of appellant's age. There is nothing in the record that refutes any of these possibilities.

The evils inherent in hearsay evidence are 1) its unreliability, and 2) the fact that the party against whom it is offered is placed at an unfair disadvantage since the source of a hearsay statement is not present to be cross-examined. In this case, however, two of the authors of the four reports, Dr. Gleason and Mr. Cody, also testified as witnesses for the State. Both were cross-examined, but neither was asked by counsel for appellant if the statements relating to appellant's age or to his date of birth were based on personal knowledge. If either was testifying on the basis of information given by third parties, this could have been shown upon cross-examination.

We cannot agree with appellant that the evidence complained about in this appeal was hearsay as a matter of law. There is no evidence in the record that discloses that any part of the State's evidence was based on sources other than personal knowledge. Hearsay does not affirmatively appear in the record. Counsel for appellant, the cross-examiner, did not probe the source of any witness' knowledge to the extent that this Court is justified in holding that the evidence concerning appellant's age was founded entirely on hearsay. Missouri Pac. Ry. Co. v. Sherwood, 84 Tex. 125, 19 S.W. 455 (1892).

▮ Moreover, the questions asked Dr. Gleason on cross-examination are virtual admissions by appellant's counsel that appellant was 16 at the time of the psychiatric examination and at the time of the hearing on the matter of waiver of jurisdiction. Furthermore, the record on its face, supports a conclusion that Dr. Gleason did have personal knowledge that appellant was 16 years of age at the time in question. In the absence of any evidence to the contrary, the inference will be indulged that the doctor testified from personal knowledge. Missouri, K. & T. Ry. Co. of Texas v. Kyser & Sutherland, supra. The force of Dr. Gleason's testimony and the statements contained in his report relating to appellant's age is increased by the failure of counsel for appellant to cross-examine him on it. Braswell v. State, 170 Tex.Cr.R. 243, 340 S.W.2d 302 (Tex.Cr.App.1960).

▮ The reports ordered by the court were mandatory under the express provisions of Sec. 6(d), Article 2338–1, which provides:

"Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense."

Apparently, the above provision of the statute has not been construed by an appellate court. However, Article 46a, Sec. 2, V.A.C.S. (as that statute existed prior to the enactment of Title 2 of the present Family Code), contained a similar provi-

sion, which was construed in Hickman v. Smith, 238 S.W.2d 838 (Tex.Civ.App.—Austin 1951, writ ref'd). There, the district court, in an adoption proceeding, admitted into evidence the written report of a representative of the State Department of Public Welfare. The appellants contended that the court erred in admitting the report into evidence because it was hearsay. The Court of Civil Appeals rejected that contention, affirmed the judgment of the trial court, and in doing so, held:

" . . . This report dealt with the matters mentioned in Sec. 2, Art. 46a, V.A.C.S. The fact that much of the report may be technically hearsay evidence is unimportant. Section 2, supra, requires an investigation be made and that the results be submitted to the court in a *written report*, and authorized the Department of Public Welfare to make such investigation. The court was duty bound to read and consider the report and give it such weight as it deserved."

The Hickman case is analogous to the case at bar. We apply the same reasoning, logic and rule to this case. The same ruling is made and the same result is reached here precisely because the investigation and reports were required by Article 2338–1, Sec. 6(d). The juvenile court was duty bound to read and consider the reports which were made and to give such weight to the statements of fact therein contained that were not shown to be based on incompetent evidence. The legislative mandate required the Juvenile Court of Wharton County to order investigative fact findings. The reports were made by qualified persons, and as made and filed, comply with the statute and with the order of the juvenile court. It would seem strange indeed if the legislature imposed a mandatory duty on the court to collect this information only to find that it could not be used by the court simply because the party offering it did not first show that the statements of facts contained therein were based on personal knowledge.

We hold that the testimony of Dr. Gleason and the statements in the investigative reports relating to appellant's age are not shown to be based on hearsay; they constitute competent evidence of the requisite jurisdictional fact of appellant's age; and they support and authorize the finding by the Court that the appellant was 16 years of age at the times pertinent to this appeal. Appellant's point of error is overruled.

The judgment of the juvenile court is affirmed.