538 S.W.2d 448 (1976)
In the Matter of P. B. C.
No. 6503.
Court of Civil Appeals of Texas, El Paso.
June 2, 1976.
Rehearing Denied June 30, 1976.
*450 Will Hadden, Odessa, for appellant.
Bill W. McCoy, County Atty., Michael D. Atkins, Asst. County Atty., Odessa, for appellee.

OPINION
OSBORN, Justice.
This is an appeal from a proceeding in which the Juvenile Court waived its jurisdiction of a minor under § 54.02 of the Texas Family Code, and transferred P. B. C. to the District Court for criminal proceedings. We affirm.
The petition requesting the Juvenile Court to waive its jurisdiction recites that P. B. C. is sixteen years old and states that he has violated the Penal Laws of this State of the grade of felony, and then enumerates five separate offenses when he knowingly and intentionally delivered a controlled substance, namely: methamphetamine and heroin, to another person. The answer to the petition includes a plea in bar, a plea in abatement, many special exceptions and a general denial.
The Appellant's Point of Error One asserts that the petition to certify did not specify and affirmatively allege the matters intended to be proved. The next point asserts error because of a failure to allege the Penal Law violated by the acts of the minor as required by § 53.04 and § 54.02 of the Texas Family Code. The pleading alleges in five separate paragraphs the particular date and place of the offense, and the person to whom the minor is alleged to have delivered the described controlled substance, and sets forth that such conduct violated the Penal Laws of this State of the grade of felony. It specifically requests the Court to consider all evidence pertaining to the six enumerated issues set forth in § 54.02(f) of the Texas Family Code. We believe that such pleading gave fair notice of the offenses involved and the issues to be *451 decided by the Court. As to the exact Penal Law violated, § 53.04(d)(1) provides that the petition for transfer hearing must state:
"with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts;".
A commentary on this particular provision of the Family Code as set forth in 5 Tex.Tech.L.Rev. 550 (1974), states:
"Subsection (d) specifies the information that must be included in the petition. Paragraph (1) requires an allegation with reasonable particularity of the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts. The intent of the committee was that the petition not only allege the essential facts, but also state which statute is relied upon to give the juvenile court jurisdiction. For example, a petition which merely alleged that the child engaged in delinquent conduct because he violated a law of the grade of felony would not be sufficient. A petition would be sufficient, however, if in addition to the allegation of essential facts it alleged that the offense of burglary was committed by the child or that a particular section in the Penal Code was violated by the child. * * *"
In this case there is no allegation as to the Penal Law involved and perhaps in such instance the better practice would be to state that there was a violation of Tex.Rev. Civ.Stat.Ann. art. 4476-15, but as noted in the commentary quoted above, there is sufficient compliance where the particular offense is stated and in this particular instance the five enumerated paragraphs state the offense, namely: delivery of a named controlled substance. If, as set forth in the commentary, stating that the offense of burglary was committed is sufficient, then there is no less reason why stating that delivery of a controlled substance, namely: methamphetamine, and delivery of a controlled substance, namely: heroin, should be any less sufficient in describing the Penal Law violated. Seldom will a description of the acts alleged constitute a statement of the offense or Penal Law violated, but it does in this case. Points of Error One and Two are overruled.
The next two points assert that the trial Court erred in failing to make the findings required by § 54.02 of the Texas Family Code and in failing to certify its action as required by that same section. The three-page transfer order recites the five separate offenses alleged against the minor, a recitation that the Court has considered each of the six issues required to be considered under § 54.02(f), along with an enumeration of other acts of misconduct by the minor. The Court then concludes in the order "that the evidence and reports heretofore presented to the Court demonstrate to the Court that there is little, if any prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said (P. B. C.) by use of procedures, services and facilities currently available to the Juvenile Court." In the following paragraph the trial Court." In the following paragraph the trial Court waives jurisdiction and the minor is transferred to the District Court for criminal proceedings. We conclude that the findings are sufficient and that the transfer order constitutes a proper certification to the District Court for criminal proceedings. Points of Error Three and Four are overruled.
Points of Error Five, Six and Seven attack the constitutionality of the provisions of § 54.02(e) of the Texas Family Code, and in particular the introduction into evidence of certain portions of the probation officer's investigative report and the trial Court's findings as to the minor's prior conduct based upon such report. Basically, the complaint is that the report which the trial Court considered was based on hearsay and not the personal knowledge of the one preparing the report. This same argument was considered and rejected in Hughes v. State, 508 S.W.2d 167 (Tex.Civ.App.Corpus Christi 1974, writ ref'd n. r. e.) which involved a transfer hearing, and In Matter of A. A. A., 528 S.W.2d 337 (Tex.Civ.App. Corpus Christi 1975, no writ) which involved an adjudication hearing. For the reasons *452 stated in those opinions we conclude that the trial Court properly considered the investigative report by the probation officer and the report from the staff psychologist, both of whom testified and were subject to examination concerning their reports and the findings and conclusions therein. Points of Error Five, Six, and Seven are overruled.
The next two points assert that the minor has been denied his constitutional right against self-incrimination. It is asserted that had P. B. C. testified at the transfer hearing, then he would have waived his constitutional right against self-incrimination in any subsequent adjudication hearing in Juvenile Court or sentencing proceedings in Criminal Court because of the provisions of § 51.13 of the Texas Family Code. Such argument misconstrues the intention of the statute. The purpose of the statute is set forth in the commentary in 5 Tex.Tech.L.Rev. 532 (1974) which states:
"* * * Subsection (b) is a statement of the traditional confidentiality of juvenile court proceedings and the evidence used in those proceedings. Evidence introduced in juvenile court proceedings may only be used in subsequent juvenile court proceedings or in subsequent sentencing proceedings in criminal court to the extent permitted by the Texas Code of Criminal Procedure. Present Texas Law does not permit evidence concerning the defendant's experience in juvenile court to be introduced into the penalty hearing in a criminal case. See Tex.Code Crim.Proc.Ann. art. 37.07 (1966); Slaton v. State, 418 S.W.2d 508 (Tex. Crim.App.1967). Subsection (b), therefore, would permit the use of evidence in juvenile proceedings only if the law on criminal sentencing were changed. * * *"
With regard to the information furnished by the minor to the juvenile probation officer and the psychologist, both interviews were conducted with a cooperative, consenting minor who was represented by counsel, and the psychologist was called as a witness at the hearing by the attorney for the minor. There is no indication of any violation of a constitutional right against self-incrimination. Points of Error Eight and Nine are overruled.
By the next three points of error it is contended that the minor was denied his constitutional rights because he was not handled as a juvenile immediately after the undercover agent determined that he was only fifteen years old, and, further, that there was an unreasonable delay of four and one-half months between the time the offenses were first committed and the filing of the petition to transfer the minor to the District Court, and such transfer resulted in a failure to afford him the benefits of the Texas juvenile system. These points are without merit.
Law enforcement officers do not operate under a constitutional duty to halt an investigation and make an arrest the very moment they have the minimum evidence to establish probable cause. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). Neither were the undercover agents required to handle P. B. C. as a minor immediately after learning that he was a minor following the first instance of delivery of a controlled substance. While in some instances the facts might establish an unreasonably delay to the prejudice of the person charged with a criminal offense, the facts in this case do not establish either an unnecessary delay or prejudice to the minor. The Appellant in this case had no constitutional right to be tried as a juvenile. Broadway v. Beto, 338 F.Supp. 827 (N.D.Tex.1971). He was afforded a full hearing prior to the entry of the transfer order and the fact that the trial Court decided to transfer him to the District Court for trial rather than retain jurisdiction and adjudicate him as a juvenile did not constitute a denial of any constitutional right. Points of Error Ten, Eleven, and Twelve are overruled.
The next two points contend that the trial Court erred in waiving its jurisdiction because the findings made by the trial *453 Court are not supported by the evidence and are against the great weight and preponderance of the evidence. The evidence in this case consisted of testimony from two undercover agents who testified concerning their transactions with the minor, a field service counselor for the Texas Youth Council, who expressed the opinion that P. B. C. could not be rehabilitated in the juvenile system of this State, and two probation officers from Ector County, each of whom expressed the opinion that P. B. C. could not be rehabilitated if handled as a juvenile, and they were further of the opinion that the public could not be adequately protected from him if he were handled as a juvenile. The examining psychologist expressed the opinion that there was a fairly good chance of rehabilitation if the minor was in a program where he was required to stay for a year or two. Having considered all of the evidence in the record, we conclude that there is evidence to support the Court's findings and that those findings are not against the great weight and preponderance of the evidence. Points of Error Thirteen and Fourteen are overruled.
The next two points contend that the minor was denied his constitutional rights because the hearing on the issue of waiver and transfer of jurisdiction was without a jury. The Legislature has specifically provided in § 54.02(c) that the hearing shall be without a jury. In McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), the Court said:
"* * * we conclude that trial by jury in the juvenile court's adjudicative stage is not a constitutional requirement."
The Court in that opinion noted that the principal issue in determining the due process standard in juvenile proceedings is fundamental fairness. Having reviewed the record and findings made by the trial Court which we have heretofore concluded were supported by competent evidence, we find no denial of a constitutional right simply because the Legislature mandated that the findings be made by the trial judge rather than a jury. Points of Error Fifteen and Sixteen are overruled.
The next two points of error complain that the trial Court did not require the State to prove its facts beyond a reasonable doubt and that such failure constituted a denial of the minor's constitutional rights. The basic complaint is that while § 54.03(f) requires that in an adjudication hearing the burden of proof is "beyond a reasonable doubt,' in a waiver and transfer hearing § 51.17 only requires proof by a "preponderance of the evidence." This being a nonjury case, and the Court's order not having stated whether his findings were based upon a "preponderance of the evidence" or from the facts proved "beyond a reasonable doubt," we assume that, following the Texas Rules of Civil Procedure, the findings were based upon a preponderance of the evidence. The basis for the Court's decision in Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) that adjudicating the minor to be a juvenile would result in lengthy confinement does not exist in this case. The waiver and transfer hearing does not result in any determination of guilt or innocence or in any confinement or punishment. This is merely a preliminary hearing to determine which route to take with regard to whether the minor should be treated as a juvenile or an adult in future proceedings. Mr. Justice Brennan, in delivering the opinion of the Court in Re Winship, and stating the requirement that in the adjudication proceeding the burden of proof must be beyond a reasonable doubt, said:
"* * * there will be no effect on the procedures distinctive to juvenile proceedings that are employed prior to the adjudicatory hearing."
We conclude that the Legislature has not denied any constitutional right by failing to require that the preliminary hearing must be conducted under a standard requiring that the evidence establish the necessary facts for waiver and transfer beyond a reasonable doubt. Points of Error Seventeen and Eighteen are overruled.
Point of Error Nineteen complains that the title or caption of Title 3, Texas Family Code, does not meet the requirements of Article III, § 35 of the Texas *454 Constitution because such caption makes no reference to waiver of jurisdiction and transfer to a criminal court as is permitted in § 54.02 of the Code. Point of Error Twenty complains that certain provisions of Title 3 of the Texas Family Code, including § 54.02, are void because they are vague, indefinite and contradictory. Point of Error Twenty-One contends the trial Court erred in failing to provide that the transfer order be suspended pending this appeal. We have considered each of these points and find that no error is presented. Points of Error Nineteen through Twenty-One are overruled.
The judgment of the trial Court is affirmed.