575 S.W.2d 126 (1978)
In the Matter of B. R. D., Appellant,
v.
The STATE of Texas, Appellee.
No. 1413.
Court of Civil Appeals of Texas, Corpus Christi.
December 14, 1978.
Rehearing Denied January 11, 1979.
*128 Frank M. Garza, Garza & Medina, Corpus Christi, for appellant.
Michael J. Westergren, County Atty., Richard W. Rogers, III, Asst. County Atty., Corpus Christi, for appellee.

OPINION
NYE, Chief Justice.
On June 6, 1978, an Assistant County Attorney of Nueces County filed a petition in the juvenile court alleging that appellant B. R. D. was a child who had committed murder in violation of Section 19.02 of the Texas Penal Code Ann. (1974). The State contended that the juvenile court should waive its jurisdiction and transfer the case to a criminal district court for criminal proceedings pursuant to the authority of Section 54.02 of the Texas Family Code Ann. (1975). On June 23, 1978, the court held a hearing to determine whether or not it should waive its jurisdiction and transfer the case. At the conclusion of this hearing, the court entered an order waiving its jurisdiction and transferring the case to the 105th District Court of Nueces County, Texas, for adult criminal proceedings. B. R. D. appeals from this transfer order.
Section 54.02 of the Texas Family Code governs the juvenile court's waiver of jurisdiction hearing and sets forth certain matters the juvenile court must consider in deciding whether to waive its jurisdiction and transfer the child to a criminal court for prosecution purposes. This section provides, in relevant part, as follows:
"(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:
(1) whether the alleged offense was against person or property, with great weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."
In accordance with these guidelines, the juvenile court heard testimony of five witnesses and received into evidence five reports.
Two police officers testified in detail concerning the events surrounding the murder and the subsequent apprehension of appellant who was found driving the murder victim's automobile at the time he was apprehended. Sergeant D. R. Perkins, an officer of the Port Aransas police department, testified that he found an elderly woman dead inside the lounge that she owned and managed in Port Aransas, Texas. Sergeant Perkins testified in detail to facts which led to appellant's arrest. The Chief of Police, D. Wayne Matthews, testified that twelve to fifteen statements had been taken from various people who had been in or around the decedent's bar on the day in question. Two of these statements were admitted into evidence as State's exhibits 4 and 5.
Gordon R. Dickson, Assistant District Attorney of Nueces County, Texas, testified that he was familiar with the grand jury system and that he had reviewed the police file and the statements which had been taken from witnesses in this case. It was his opinion that on the basis of these statements, it would be likely that the grand *129 jury would indict the appellant for the offense with which he was charged.
Cliff Rowland, a Nueces County juvenile probation official, testified concerning the social and family background of the child. A copy of his report also was introduced into evidence. It was Rowland's recommendation that the juvenile court transfer the child to a district court for criminal proceedings. The juvenile court received into evidence two psychiatric examination reports, one of which had been prepared at the State's request, and one at the Appellant's request. These reports indicated Appellant could stand trial as an adult. Based on all of the evidence, the juvenile court entered an order waiving its jurisdiction.
The appellant brings forward points of error on appeal which complain in essence that the juvenile court: 1) lacked jurisdiction, 2) erred in admitting and considering certain evidence, and 3) erred by failing to enter a specific order. We will first consider the jurisdictional question.
In point of error number one, the appellant contends that the juvenile court did not have jurisdiction to proceed with the transfer hearing because the State failed to issue and serve summons on appellant's parents as required by Section 54.02(b) after the State amended its original petition requesting transfer of the cause. We do not agree.
The original transfer petition, with attached summons, was served on the appellant on June 7, 1978, on appellant's mother on June 7, 1978, and on appellant's father on June 16, 1978. This summons specified that the transfer hearing was to be held June 16, 1978. Appellant's attorney, however, moved to continue the hearing from June 16 until June 23, 1978. Thereafter, on June 20, 1978, the State filed an amended transfer petition which was identical to the original transfer petition with the exception that the amended transfer petition corrected the spelling of appellant's surname. The appellant and his attorney received a copy of the amended transfer petition. Although appellant's parents did not receive a copy of the amended transfer petition, both his mother and father appeared for the June 23 hearing.
Prior to the commencement of the hearing, appellant's attorney contested the juvenile court's jurisdiction on the ground that appellant's parents had not been served with the State's amended transfer petition. The State, on the other hand, argued: 1) that the original summons served on the parents was sufficient and 2) that since the parents had voluntarily appeared at the hearing, the juvenile court had jurisdiction to proceed. The juvenile court overruled appellant's motion.
Appellant refers us to Section 53.06 of the Texas Family Code Ann. (1975) which provides, in relevant part, as follows:
"(a) The juvenile court shall direct issuance of a summons to:
(1) the child named in the petition;
(2) the child's parent, guardian, or custodian;
(3) the child's guardian ad litem; and
(4) any other person who appears to the court to be a proper or necessary party to the proceeding.
(b) The summons must require the persons served to appear before the court at the time set to answer the allegations of the petition. A copy of the petition must accompany the summons.
* * * * * *
(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing."
Appellant apparently contends that, in order to comply with Section 53.06(b), the State should have attached a copy of its amended petition to a second summons requiring appellant and his parents to appear for the hearing on June 23, 1978, the date set in accordance with appellant's motion for continuance. See § 54.02(b), § 53.07(a). Appellant admitted during oral argument that neither the Texas Family Code provisions nor the Texas Rules of Civil Procedure require such a procedure. Appellant contends, however, that any amended petition *130 should be treated as an original petition for service of process purposes on the basis that the amended petition could have operated as a surprise to his parents.
Appellant relies principally upon the United States Supreme Court case of In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), to support his contention that the juvenile court lacked jurisdiction to proceed with the transfer hearing. The appellant is correct in stating that due process of law requires notice which would be deemed constitutionally adequate in a civil or criminal proceeding. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Carrillo v. State, 480 S.W.2d 612 (Tex.Sup. 1972); Villarreal v. State, 495 S.W.2d 28, 29 (Tex. Civ.App.Corpus Christi 1973, no writ). In Gault, the Supreme Court stated:
"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `set forth the alleged misconduct with particularity.'... It [due process] does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet." In Re Gault, 387 U.S. at 33-34, 87 S.Ct. at 1446.
Our Texas Supreme Court has expressly held that the Gault due process standards of adequate and timely notice are applicable in amended pleading situations such as the one before us. See Carrillo v. State, 480 S.W.2d 612 (Tex.Sup. 1972). In Carrillo, the Texas Supreme Court reversed a juvenile court's order adjudicating a child as a delinquent because the State's amended petition included material changes (a different owner of the property in question, a separate offense, and the taking of different property).
Here, the case was continued at the request of appellant's counsel. There is no contention that appellant's parents did not receive notice of the new setting date, nor is there a contention that they did not receive adequate notice of the issues to be decided by the juvenile court in the transfer hearing or that they were surprised in any manner. This case is materially different from the Gault and Carrillo cases mentioned above.
The issue of waiver of summons is not present here because the original summons accompanied by the original petition was sufficient to confer jurisdiction. Although it would have been a simple matter for the State to furnish appellant's parents with a copy of the amended petition, we hold that the due process rights of neither the appellant nor his parents were violated by the State's failure to do so. The juvenile court had jurisdiction to proceed with the transfer hearing. Appellant's point of error number one is overruled.
In point of error three, appellant contends that the juvenile court erred in overruling appellant's objection to the admission into evidence of State's exhibits 4 and 5, which were written statements made by individuals not present at the transfer hearing, because this evidence constituted hearsay and denied appellant his sixth amendment right to confrontation of witnesses.
State's exhibits 4 and 5 were two of about twelve to fifteen written statements police officers had obtained during the course of their investigation from various witnesses who had been in or around the decedent's bar or who had some relevant contact with the appellant on the day in question. These exhibits were admitted into evidence through the testimony of Police Chief D. Wayne Matthews.
Hearsay has been defined as "testimony in court, or written evidence of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the credibility of the out-of-court asserter." McCormick on Evidence § 246 at 284 (1972). The State expressly offered these written statements into evidence solely for the limited purpose of showing that the statements were made and not to prove the truth of the matter asserted therein. Written evidence of an *131 out-of-court statement is not hearsay unless it is offered as proof of the fact asserted therein. Irving Lumber Co. v. Alltex Mortgage Co., 446 S.W.2d 64, 71 (Tex.Civ.App. Dallas 1969), affirmed, 468 S.W.2d 341 (Tex. Sup. 1971); In Re Honsaker, 539 S.W.2d 198, 201 (Tex.Civ.App.Dallas 1976, writ ref'd n. r. e.).
The purpose of the transfer proceeding pursuant to Section 54.02 (see Section f, 1 through 6 above) is to determine whether the best interests of the child and of society would be served better by maintaining the child under juvenile court jurisdiction or by transferring him to a criminal district court for adult proceedings. It is not to determine the guilt or innocence of the child. The burden is upon the prosecuting attorney in such a case to present evidence which will allow the juvenile court to exercise its sound discretion in deciding whether or not to make the transfer. In Re Honsaker, 539 S.W.2d 198, 201 (Tex.Civ. App.Dallas 1976, writ ref'd n. r. e.). In making this determination, the juvenile court is required by Section 54.02(f)(3) to consider, for instance, whether there is evidence upon which a grand jury may be expected to return an indictment against the child for the offense he allegedly committed. State's exhibits 4 and 5 and the testimony of Gordon Dickson, an assistant district attorney for Nueces County, were introduced pursuant to this section. We have carefully examined the record herein and, as used by the State in this case, exhibits 4 and 5 were properly admitted into evidence by the trial court. See In Re Honsaker, 539 S.W.2d 198 (Tex.Civ.App. Dallas 1976, writ ref'd n. r. e.). Appellant's point of error number three is overruled.
In point of error two, appellant complains that the juvenile court erred in overruling appellant's objection to the testimony of Cliff Rowland, a Nueces County juvenile probation official. Rowland's testimony concerning appellant's prior juvenile record was based upon a case history report prepared by a Calhoun County intake counselor. Appellant contends this evidence constituted hearsay and denied appellant his sixth amendment right to confrontation of witnesses.
Prior to the transfer hearing, the juvenile court ordered Cliff Rowland to prepare an evaluation report on the appellant which was to contain "a social evaluation .. full investigation of the child, his circumstances, and the circumstances of the alleged offense." At the transfer hearing, Mr. Rowland's report was admitted into evidence. In addition to general personal data concerning the appellant, the report contained seven sections. Section one detailed the circumstances surrounding the alleged murder, including summaries of the police investigation and the apprehension of appellant. Section two detailed appellant's prior juvenile history and included a list of several referrals of the juvenile that had been made to the Calhoun County Probation Department between the period of September 15, 1975, and April 10, 1978.[1] Section two of Rowland's report also contained references to appellant's prior, unsatisfactory attendance in vocational training assignments with the Treasure Lake Job Corps Facility in Indiahoma, Oklahoma.
At the hearing, the juvenile court, over appellant's objections, permitted Mr. Rowland to testify concerning appellant's prior Calhoun County juvenile record. The substance of this testimony was contained in Rowland's report. Mr. Rowland admitted during cross-examination that he had no personal knowledge of appellant's prior juvenile record. He further admitted that he did not personally know whether appellant was actually adjudicated a delinquent on any of the above charges. He could only testify that he knew the appellant was adjudicated a delinquent for one of the offenses contained in his report because he had observed this information in appellant's file. The State contends that Rowland's *132 testimony concerning appellant's prior juvenile record was properly admitted into evidence by the juvenile court because this evidence was contained in a social study which was required by Sections 54.02(d) and (e).[2]
The admissibility of investigative reports pursuant to Section 54.02(d) has been upheld by this Court and other appellate courts in the face of the contention that such reports contain hearsay information. See In Re P. B. C., 538 S.W.2d 448 (Tex.Civ. App.El Paso 1976, no writ); Hughes v. State, 508 S.W.2d 167 (Tex.Civ.App.Corpus Christi 1974, writ ref'd n. r. e.). The report ordered by the juvenile court was mandatory under the express provisions of Section 54.02(d) of our Texas Family Code. As this Court previously stated in Hughes v. State, 508 S.W.2d 167, 171 (Tex.Civ.App. Corpus Christi 1974, writ ref'd n. r. e.), concerning the identical statute (article 2338-1, § 6(d)) in its former enactment:
"The juvenile court was duty bound to read and consider the reports which were made and to give such weight to the statements of fact therein contained that were not shown to be based on incompetent evidence." (Emphasis added.)
Technically, Rowland's testimony, standing alone, might be considered hearsay evidence. Similar evidence has been considered by other courts in juvenile matters relative to the social evaluation reports of juveniles. See R. K. A. v. State, 553 S.W.2d 781 (Tex.Civ.App.Fort Worth, no writ); In Re P. B. C., 538 S.W.2d 448 (Tex.Civ. App.El Paso, no writ); In Re A. A. A., 528 S.W.2d 337 (Tex.Civ.App.Corpus Christi 1975, no writ). However, it is unnecessary for us to decide this precise question here because the trial court's judgment can be supported on another independent ground.
Pursuant to Section 54.02(a) a juvenile court may, in its discretion, waive its exclusive original jurisdiction and transfer a child to a district court for criminal proceedings if:
"(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning the offense; and
(3) after a full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings." (Emphasis added).
In this case, after a full hearing, the juvenile court concluded that the seriousness of the offense and the background of the child require criminal proceedings for the welfare of the community.
The disputed testimony concerns the third requirement in Section 54.02(a) listed above. The juvenile court's finding relevant to appellant's background is: "(B. R. D.'s) previous history includes being found to have engaged in delinquent conduct for another felony offense." Even if we were to disregard this finding (that appellant engaged in a previous felony) and its conclusion (that because of the background of the child, criminal proceedings are warranted), there remains the juvenile court's further finding that the seriousness of the offense for which appellant is charged warrants criminal prosecution in order to protect the welfare of the community.
We hold that this remaining conclusion is supported by ample findings and competent evidence and is sufficient to permit the juvenile court, in its discretion, to waive its jurisdiction and to transfer appellant to a district court for criminal prosecution. Under the record of this case, the *133 error, if any, in admitting the testimony of Rowland is harmless since the juvenile court's judgment can be supported on another independent ground. See Yancey v. Olvera, 518 S.W.2d 935, 941 (Tex.Civ.App. San Antonio 1974, writ ref'd n. r. e.); Pope v. American National Ins. Co., 443 S.W.2d 377, 381 (Tex.Civ.App.Tyler 1969, writ ref'd n. r. e.). No abuse of discretion has been shown here. Appellant's point of error two is overruled.
In point of error four, appellant contends that the juvenile court's written transfer order[3] fails to comply with Section 54.02(h). This section, in relevant part, provides as follows:
"If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court...."
Appellant contends that the juvenile court's order is improper because the order merely recited that its findings were also its reasons for waiver of jurisdiction, and thus, the juvenile court circumvented the requirement that it specifically state the reasons for its waiver, citing In Re J. R. C., 522 S.W.2d 579 (Tex.Civ.App.Texarkana 1975, writ ref'd n. r. e.). This case is factually distinguishable. Other court orders, similar to the one in question, have been upheld against the same contention appellant advances here. See In Re Honsaker, 539 S.W.2d 198 (Tex.Civ.App.Dallas 1976, writ ref'd n. r. e.); In Re P. B. C., 538 S.W.2d 448 (Tex.Civ.App.El Paso 1976, no writ); In Re D. L. C., 533 S.W.2d 157 (Tex. Civ.App.Austin 1976, no writ); and see Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).
In points of error five through eight, the appellant complains that the trial court improperly introduced evidence and improperly considered certain other testimony and exhibits. We have carefully considered the entire record in light of these points of error and hold that there is ample evidence of probative force to support the juvenile court's transfer order. None of appellant's points present error or show an abuse of discretion that resulted in an erroneous judgment.
The judgment of the juvenile court is AFFIRMED.
NOTES
[1] The report indicates that appellant was within the jurisdiction of the Calhoun County juvenile department until May 15, 1978, when he moved to Port Aransas, Texas, to live with his mother's aunt. At that time, the Calhoun County Probation Department requested the Nueces County juvenile department to provide "courtesy supervision" over appellant.
[2] These sections provide as follows:

"(d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.
(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses...."
[3] "The Court, after full investigation and hearing and specific consideration of all the matters set out in Article 54.02, Section (f)(1) through (6) of the Texas Family Code, is of the opinion and finds that:

1. [B. R. D.] was born on September 19, 1961, and was 16 years of age at the time the acts upon which the Transfer Motion is founded are alleged to have occurred, and is 16 years old at the time of the hearing.
2. No adjudication hearing has been conducted concerning the offense set out in the State's Transfer Motion, to-wit: the murder of Gladys Fowler.
3. The parents of [B. R. D.] are [B. D.] and [S. G.].
4. [B. R. D.] is alleged to have violated a penal law of the grade of felony, to-wit: the offense of murder.
5. The said offense is against the person and was committed in an aggressive manner.
6. The police officer testimony demonstrated evidence on which a grand jury may be expected to return an indictment against [B. R. D.].
7. [B. R. D.] is of sufficient sophistication and maturity to be tried as an adult, and is of sufficient sophistication and maturity to aid an attorney in his defense.
8. [B. R. D.]'s previous history includes being found to have engaged in delinquent conduct for another felony offense.
9. The public will not be adequately protected by the use of the procedures, services, and facilities available to the juvenile court, and it is unlikely that the juvenile will be adequately rehabilitated by the use of such procedures, services, and facilities.
The above findings and opinions are reasons for the Court's waiver of jurisdiction, and the Court's conclusion and judgment that [B. R. D.] is alleged to have violated a penal law of the grade of felony; that [B. R. D.] was 16 years old at the time he is alleged to have committed the offense; that no adjudication hearing has been conducted concerning such offense; and that the seriousness of the offense and the background of the child requires (sic) criminal proceedings for the welfare of the community.
Therefore, by reason of the foregoing, I, Judge George Hamilton, Judge of the Juvenile Court of Nueces County, Texas, hereby waive jurisdiction and transfer [B. R. D.] to the appropriate District Court of Nueces County, Texas, for proper criminal proceedings and do hereby certify said action."