OPINION
SEERDEN, Justice.
Appellant contests a take-nothing judgment based on jury findings in a personal injury suit.
Appellant and her husband, Jerry Robinson, occupied a truck owned by appellee, Jerry Robinson’s employer, when the vehicle ran into a train. Appellant contended that her husband was operating the truck on this occasion, within the course and scope of his employment, and that she was a passenger. The critical fact issue was whether appellant or her husband was driving the truck at the time of the collision.
In her first point of error, appellant alleges an irreconcilable conflict in the jury answers to certain special issues. Specifically, in special issue number one, the jury failed to find that Jerry Robinson was the driver of the vehicle in question. Issues two through five were to be answered only if the immediately preceding issue was answered affirmatively. Issue two inquired about scope of employment and issue three inquired about specific acts of negligence, had the jury found Jerry Robinson to be the driver of the truck. In accordance with the instructions in the charge, the jury did not answer special issues two and three. However, even though the jury was instructed not to answer special issue four unless they had affirmatively found Jerry Robinson guilty of some act of negligence in special issue three, the jury answered special issue four affirmatively and found that acts of negligence of Jerry Robinson *556 amounted to gross negligence. Likewise, in response to special issue five, the jury found his negligence a proximate cause of the occurrence.
We find no irreconcilable conflict in the answers to these issues. The threshold question in determining if a conflict exists is whether the findings are about the same material facts. Bender v. Southern Pacific Transportation Company, 600 S.W.2d 257, 260 (Tex.1980); Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 456 (1944). Evidence showed that on the day of the wreck, Jerry Robinson’s employer sent him to work on a drilling rig. He took his wife with him. He finished the job at about 3:30 p.m., and at approximately 6:30 p.m., the pair stopped at a bar in Kenedy until at least 11:00 p.m. The site of the wreck was about 5 miles from the bar and the wreck occurred at approximately 12:05 p.m. There was evidence to support the conclusion that appellant and her husband had been drinking alcoholic beverages in the truck and appellant admitted they drank beer at the bar. Mr. Gene Crozier, the vice president of appellee, who both hired and fired Jerry Robinson, testified that Jerry was told of company policy against passengers in company trucks and that he would be fired if he drank before or during driving.
While a literal interpretation of the language of special issue four refers only to specific acts of negligence mentioned in issue three, the jury could have reasonably interpreted the language in issue number 4, “any such act or acts of negligence,” as referring to matters not inquired into in the foregoing issue. From the evidence the jury could have reasonably concluded that appellant was driving the truck and that her husband was negligent in permitting her to do so. Where the jury findings are reasonably susceptible to two constructions, one of which would reconcile the findings in favor of the judgment, such reconciliation is mandatory in favor of the judgment rendered on the jury verdict. Godde v. Wood, 509 S.W.2d 435, 442 (Tex.Civ.App.—Corpus Christi 1974, writ ref’d n.r.e.). In addition, we reject appellant’s suggestion that the answer to issue number one leads to the conclusion that appellant was driving the truck. Properly interpreted, the answer is nothing more than a failure or refusal to find from a preponderance of the evidence that Jerry Robinson was the driver. See C & R Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.1966). In this context, the answer to issue number four is not inconsistent. We hold the answers to special issues one and four are not in conflict, and thus overrule appellant’s first point of error.
Appellant complains by points two and three that the court erred in excluding Jerry Robinson’s report to the Industrial Accident Board (Exhibit No. 17) and testimony of Margaret Robinson in which she recalled conversation with Jerry concerning the accident. Evidence of out-of-court statements are hearsay if they are introduced to prove the truth of the matter asserted in the statement. Turner, Collie & Braden v. Brookhollow, Inc., 642 S.W.2d 160, 167 (Tex.1982); B.R.D. v. State, 575 S.W.2d 126, 130 (Tex.Civ.App.—Corpus Christi 1978, writ ref’d n.r.e.); TEX.R.EVID. 801(d) (Vernon Supp.1985). Appellant offered the testimony as proof that Jerry was driving, because Jerry allegedly made statements to that effect to Margaret and in his accident report. Thus, the proffered evidence is hearsay.
Although appellee objected to the evidence on hearsay grounds, appellant asserted its admissibility under Rule 803(24) as an admission against interest. Appellee countered that the statements were self-serving. Evidence in the record indicates that Jerry was also injured in the accident, though he was not a party to the suit. The report filed with the Industrial Accident Board was the basis of his claim for compensation, and thus any statements in the report were made for his own benefit. The probative value of any statements to Margaret is likewise questionable, as they tended to support the only position in which Jerry could recover for his own injuries. Thus, the trial court did not abuse its dis *557 cretion in excluding the report and testimony concerning Jerry’s alleged statements to Margaret. We overrule appellant’s points two and three.
By her fourth point of error, appellant complains that the trial court abused its discretion during discovery by granting defendant’s motion for a protective order with reference to the deposition of defendant’s agent, Lee Friday. Appellant believed that Jerry Robinson had made statements to Friday concerning who was driving at the time of the accident. When Friday obtained the alleged statements, he was an investigator for appellee’s insurance carrier. An insurer’s investigative files are not discoverable. Maryland American General Insurance Company v. Blackmon, 639 S.W.2d 455, 457-8 (Tex.1982); Ex parte Hanlon, 406 S.W.2d 204, 208 (Tex.1966).
Appellant asserts a conflict between TEX.R.CIV.P. 166b § 3(d) and TEX.R. EVID. 801(e)(2)(D) (Vernon Supp.1985). We see no conflict. A matter may be an exception to the hearsay rule and yet be protected from discovery by statutory privilege. We overrule appellant’s fourth point of error.
We AFFIRM the judgment of the trial court.