**In the Matter of J.E.**

**No. 13–90–238–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 20, 1990.

Rehearing Overruled Jan. 17, 1991.

Stephen Cihal, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Lorretta Owen, Asst. Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

SEERDEN, Justice.

J.E., a juvenile, was charged with a felony offense. The juvenile court held a discretionary transfer hearing and then entered an order waiving jurisdiction over J.E. and transferring the cause to an adult criminal court. *See* Tex.Fam.Code Ann. § 54.02(a) (Vernon Supp.1991). By a sole point of error, J.E. complains that he was not served with a summons which complied with the requirements of Tex.Fam.Code Ann. § 54.02(b) (Vernon 1986) (requiring compliance with §§ 53.04 – 53.07) and that the trial court thus lacked jurisdiction to consider the discretionary transfer. We disagree and affirm the trial court's order.

The petition for discretionary transfer alleged that J.E. was born on August 27, 1973. In fact, he was born on August 20, 1973. The petition alleged that he was 16 years old at the time of the offense. At the hearing, the State asked to amend the petition to reflect J.E.'s correct birthdate. This request was granted.

Appellant contends that since the amendment changed his date of birth from August 27 to August 20, the correct petition had not been served on him with the summons as Tex.Fam.Code Ann. § 53.06(b) (Vernon 1986) requires, and that the copy served on him did not state his age as Tex.Fam.Code Ann. § 53.04(d)(2) (Vernon 1986) requires.

The State filed the petition for discretionary transfer on April 3, 1990. The only change the trial amendment made was of

the date of birth from the 27th to the 20th. The month and year remain the same. Each of these dates is consistent with appellant's age being 16 at the time of the alleged offense (as well as at the time of the transfer) as stated in the petition.

*B.R.D. v. State,* 575 S.W.2d 126, 130 (Tex.App.—Corpus Christi 1978, writ ref'd n.r.e.) held that an original summons accompanied by an original petition was sufficient to confer jurisdiction even though an amended petition was filed. In that case, as in our case, the amended petition made no material change in the allegations. *See Dupnik v. State,* 654 S.W.2d 780, 785 (Tex. App.—Corpus Christi 1983, pet. ref'd).

We hold that changing the date from August 27 to August 20 was not a material change and that the trial court had jurisdiction to transfer appellant. We overrule appellant's point of error.

We AFFIRM the trial court's order.