# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00319-CV

In the Matter of B. S. A.

FROM COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
NO. 3167, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

B.S.A. appeals from his adjudication as delinquent based on the underlying offense of indecency with a child by contact. *See* Tex. Pen. Code Ann. § 21.11 (West 2003). After a plea of "not true," appellant was adjudicated delinquent by a jury and placed on community supervision. We affirm the trial court's judgment.

## Background

On December 15, 2002, Detective Sam Stock, Hays County Sheriff's Office, was dispatched to a home in the county to investigate a report of a sexual assault committed against a child. Stock interviewed several people at the home. Stock learned that appellant had been staying in the home for several months because of trouble at his own home. Stock learned that S.P., the complainant, first reported the incident to her stepmother. Stock did not interview the complainant at the home. Instead, Detective Jeri Skrocki, also of the Hays County Sheriff's Office, arranged to

have S.P. interviewed by a forensic interviewer at the San Marcos Children's Advocacy Center on December 18, 2002. After observing the interview, Skrocki determined that she had sufficient information to arrest appellant for the offense of indecency with a child by contact. Appellant, however, had run away, was not attending school, and so was difficult to locate. He was eventually detained in May 2003.

S.P. testified that she lived with her stepmother, her father and her brother for almost two years. She did not know how long appellant lived with the family; he eventually moved out of the house in November 2002 because of a disagreement over chores. After appellant moved out, S.P. told her stepmother that appellant had tried to have sex with her, specifically requesting a "blow job." S.P. said that on one occasion, she went to appellant's room and gave him a back and chest massage. Two days after the massage incident she said that appellant attempted to insert his penis into her vagina, that he touched her with his penis in her vagina, and he stopped because she told him to stop and because his penis "would not fit."

In three issues on appeal, appellant contends that (1) the petition for adjudication improperly fails to allege the penal law violated by appellant's acts; (2) there is no evidence to prove appellant's acts constituted delinquent conduct; and, (3) the court's charge erroneously relieved the State of its burden to prove appellant's acts constituted delinquent conduct.

**Discussion**

In his first issue, appellant asserts that he was denied due process of law because the petition for adjudication was inadequate. He contends that it is mandatory for the petition to state

the penal law allegedly violated, which this one failed to do. *See* Tex. Fam. Code Ann. § 53.04(d)(1) (West 2002).[1]

The Texas Family Code governs petitions for adjudication in a juvenile proceeding. *L.G.R. v. State*, 724 S.W.2d 775, 776 (Tex. 1987); *In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.). The petition must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." Tex. Fam. Code Ann. § 53.04(d)(1). A juvenile has the right to the essentials of due process and fair treatment. *L.G.R.*, 775 S.W.2d at 776; *B.P.H.*, 83 S.W.3d at 405. Due process requires that a juvenile must be informed of the specific allegations against him. *In re Gault*, 387 U.S. 1, 33 (1967). This standard is less stringent than that applicable to criminal indictments, however. *In re A.B.*, 868 S.W.2d 938, 940 (Tex. App.—Fort Worth 1994, no writ); *M.A.V., Jr. v. Webb County Court at Law*, 842 S.W.2d 739, 745 (Tex. App.—San Antonio 1992, writ denied). The charge need only be reasonable and definite. *M.A.V.*, 842 S.W.2d at 745; *Robinson v. State*, 204 S.W.2d 981, 982 (Tex. Civ. App.—Austin 1947, no writ).

Although the family code says that the petition must state "the penal law or standard of conduct allegedly violated by the acts," cases have held that if the petition alleges all of the elements of an offense, omission of an express reference to the penal code section is not fatal. *See*

---

[1] Appellant did not bring these objections at trial under either civil procedures for challenging a petition or criminal procedures for challenging an indictment. *See* Tex. R. Civ. P. 91; Tex. R. App. P. 33.1; Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005); *see Rodriguez v. State*, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990) (must object to defect in form or substance of indictment before trial commences or waive error on appeal). Nevertheless, in the interest of justice, we will consider the issue on the merits.

3

*In re J.R.C.*, 551 S.W.2d 748, 754 (Tex. Civ. App.—Texarkana 1977, writ ref'd n.r.e.); *In re P.B.C.*, 538 S.W.2d 448, 450-51 (Tex. Civ. App.—El Paso 1976, no writ). If the State errs in its citation of the penal code section, the petition is not invalidated. The error is disregarded, and the juvenile stands charged with the offense the elements of which were pled. *See In re H.R.A.*, 790 S.W.2d 102, 104-05 (Tex. App.—Beaumont 1990, no writ). In the converse situation, pleading the citation to the penal law violated may repair a deficiency in pleading all of the elements of the offense if the penal law citation enables the juvenile to discern each of the elements of the offense. *See C.F. v. State*, 897 S.W.2d 464, 471 (Tex. App.—El Paso 1995, no writ); *see generally* Robert O. Dawson, Texas Juvenile Law 123 (6th ed. 2004); 29 Thomas S. Morgan & Harold C. Gaither, Jr., Texas Practice: Juvenile Law & Practice § 102 (1999).

*J.R.C.* analyzes a petition similar to the one at issue in this case.[2] The petition stated that J.R.C. "did intentionally and knowingly cause the death of W__C__C__ by strangling her by means unknown at this time." 551 S.W.2d at 754. The petition did not state the particular penal code section violated. *Id.* The court compared the language of the petition to the language of the the penal code section defining the offense of murder. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). It held that the petition described the standard of conduct violated and it was not necessary to designate the section of the penal code which condemns such conduct. *Id.*

---

[2] Although *J.R.C.* involved a petition to transfer jurisdiction from the juvenile court to district court rather than an adjudication, the court was construing the family code section at issue in this case. *In re J.R.C.*, 551 S.W.2d 748, 754 (construing Tex. Fam. Code Ann. § 53.04(d)(1)).

In this case, the penal code violation underlying the adjudication was the offense of indecency with a child by contact:

> A person commits an offense if, with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person:
>
> > (1) engages in sexual contact with the child or causes the child to engage in sexual contact; . . . .

Tex. Pen. Code Ann. § 21.11(a)(1) (West 2003). The petition in this case alleged that appellant:

> [e]ngaged in Delinquent Conduct within the provisions of Section 51.03, Title 3 of the Family Code of Texas, to wit:
>
> On or about the 15th of DECEMBER A.D., 2002, in Hays County, Texas, B.S.A. did then and there, with the intent to arouse or gratify the sexual desire of B.S.A., intentionally or knowingly engage in sexual contact with S.P. by touching the genitals of S.P., a child younger than 17 years and not the spouse of B.S.A.

The petition in this case alleges each element of the offense of indecency with a child by contact, just as the petition in *J.R.C.* alleged each element of murder.[3] It specifies the type of contact involved and the date and time of the offense. Appellant does not inform us in what way he was unable to ascertain the offense with which he was charged or lacked adequate notice to prepare his defense. Appellant contends that a petition which merely alleges that the child engaged in delinquent conduct because he violated a law of the grade of felony would not be sufficient. *See C.F.*, 897 S.W.2d at

---

[3] By comparison, a criminal indictment which tracks the language of a criminal statute is generally sufficient to allege an offense and to provide a defendant with notice. *State v. Edmond*, 933 S.W.2d 120, 127-28 (Tex. Crim. App. 1996).

471. However, the petition in this case is not as vague as is the example of an overly vague petition given in *C.F.*; the current petition tracks the elements of a specific offense, is reasonable and definite, and satisfies due process concerns. We overrule appellant's first issue.

**Delinquent Conduct**

In his second issue, appellant contends that there is no evidence to prove appellant's acts constituted delinquent conduct.[4] Appellant once again contends that the petition is inadequate and that "[p]resumably the delinquent conduct at issue involved the violation of a penal law . . . ." Appellant argues that the State failed to prove that appellant's conduct violated a penal law.[5]

Appellant relies on *In re D.D. D.D.*, however, dealt with an adjudication based on the offense of misdemeanor terroristic threat, which was not alleged in the petition. 101 S.W.3d 695, 697 (Tex. App.—Austin 2003, no pet.). Neither was this offense a lesser included offense of the offense that was alleged in the pleading, felony retaliation. *Id.* Similarly, in *Osborne v. State*, the child was adjudicated delinquent based on seduction by a promise to marry and "carnal knowledge" of a female child under age twenty five. 343 S.W.2d 467-68 (Tex. App.—Amarillo 1961, no writ). The female child testified that appellant had not promised to marry her before they had intercourse.

---

[4] Appellant asserts that the Juvenile Delinquency Act does not undertake to convict and punish a child for the commission of a crime. *See Dendy v. Wilson*, 179 S.W.2d 269, 272 (Tex. 1944). However, the current juvenile justice code was enacted in part to "control the commission of unlawful acts by children" and "to promote the concept of *punishment* for *criminal* acts." *See* Tex. Fam. Code Ann. § 51.01(2)(A), (4) (West 2002) (emphasis added).

[5] Appellant does not challenge the sufficiency of the evidence to show he committed the acts constituting the underlying offense of indecency with a child; that is, that the sexual contact with the complainant happened as alleged.

6

The court held that there was no evidence that the appellant committed the offense with which he was charged. *Id.*

In contrast, in this case, the State proved appellant committed the offense of indecency with a child, the offense pled in the petition. Delinquent conduct is conduct, other than a traffic offense, that violates a penal law punishable by imprisonment or by confinement in jail. *See* Tex. Fam. Code Ann. § 51.03(a) (West Supp. 2005). By proving the offense, the State proved a violation of a penal law. By definition, appellant's acts constituted delinquent conduct. We overrule appellant's second issue.

### *Jury Charge*

In his third issue, appellant contends that the trial court's instruction to the jury that "[t]he commission of the offense of Indecency with a Child is delinquent conduct" is error because it relieved the State of its burden to prove that the acts alleged in the petition constituted delinquent conduct. We first address whether this issue was preserved for review.

In order to complain on appeal, a party must make the complaint to the trial court by a timely request, objection or motion. Tex. R. App. P. 33.1(a); *see In re M.D.T.*, 153 S.W.3d 285, 288 (Tex. App.—El Paso 2004, no pet.). Fundamental error, however, may be raised at any time whether or not a timely objection was made at the trial court level. *In re B.L.D.*, 113 S.W.3d 340, 350-51 (Tex. 2003) (fundamental error "discredited doctrine" but has been applied in juvenile cases because of "quasi-criminal" nature); *R.A.M. v. State*, 599 S.W.2d 841, 844-45 (Tex. Civ. App.—San Antonio 1980, no writ). Fundamental error is an error calculated to injure the rights of the appellant

to the extent that the appellant has not had a fair and impartial trial. *See Ross v. State*, 487 S.W.2d 744, 745 (Tex. Crim. App. 1972); *Otting v. State*, 8 S.W.3d 681, 688 (Tex. App.—Austin 1999, pet. ref'd, untimely filed) (applying harm analysis from *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984)).[6]

Appellant admits that he did not preserve error, but contends that the trial court committed fundamental error because the jury charge improperly removed the State's burden to prove that appellant committed delinquent conduct. The charge told the jury that to find that the child had engaged in delinquent conduct, it had to find that the child committed the offense with which he was charged, indecency with a child. The charge then told the jury that the commission of the offense was delinquent conduct. It then went on to track the elements of the offense of indecency with a child, and told the jury it had to find those elements beyond a reasonable doubt.

As discussed in issue two, delinquent conduct is a violation of a penal law, other than a traffic offense, punishable by imprisonment or by confinement in jail. *See* Tex. Fam. Code Ann. § 51.03(a). The State must prove beyond a reasonable doubt that a child has committed such an offense "and thereby engaged in delinquent conduct." *In re B.M.*, 1 S.W.3d 204, 206 (Tex. App.—Tyler 1999, no pet.). Once the State met the burden of showing a penal code violation, it satisfied its burden to prove delinquent conduct. We overrule appellant's third issue.

---

[6] In *In re E.F.*, this Court applied *Almanza* in a juvenile case. 986 S.W.2d 806, 808 (Tex. App.—Austin 1999, pet. denied).

## Conclusion

We have overruled all of appellant's issues.  Accordingly, we affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   April 13, 2006